Steward v. Elliott.

---

GEORGE W. STEWARD, APPELLEE, V. MRS. M. ELLIOTT, APPELLANT.

FILED APRIL 16, 1925. No. 24369.

Parent and Child: CUSTODY OF INFANT. "In a controversy for the custody of an infant of tender years, the court will consider the best interests of the child, and will make such order for its custody as will be for its welfare, without reference to the wishes of the parties." *Schroeder v. State,* 41 Neb. 745.

APPEAL from the district court for Douglas county: L. B. DAY, JUDGE. *Reversed in part, and remanded, with directions.*

*Magney & Magney,* for appellant.

*John Adams, contra.*

Heard before MORRISSEY, C. J., DAY, GOOD, THOMPSON and EVANS, JJ.

EVANS, J.

This is a habeas corpus proceeding brought by George W. Steward against Mrs. M. Elliott to determine and settle the custody and control of a minor child, called George W. Steward, Jr., by the appellee, and John L. Stewart, Jr., by the appellant. The chief issue presented by the evidence in

the trial court was the paternity of the child, the appellee claiming to be its father, while the appellant denied this and claimed one John L. Stewart to be the father. The trial court found the appellee was the father and awarded him the custody of the child. From this judgment the appellant appeals.

The facts, so far as necessary to a consideration of this case, are as follows: The appellee and the mother of the child were married on February 15, 1911. The wife of the appellee, the mother of the child, and the appellant were at that time personal friends and so continued until the death of the former on March 18, 1918. The child was born on January 18, 1917. The appellee was a waiter traveling over the country and only occasionally being at the home of his wife. After the death of the mother, who died from tuberculosis, the child was taken by the appellee for a time to Battle Creek, Michigan. Upon correspondence between the appellant and the appellee it was agreed that the appellant should take the child and keep him until appellee should be able to provide a home for him. Under this agreement the appellant has since retained custody and control of the child. The appellee has, during the time the child has been with the appellant, sent to her the sum of $385, and has also taken out on the child's life and for its benefit policies of insurance, the value of which is approximately $800. A short time previous to the suing out of the writ, and in objecting to appellee's request for the return to him of the child, the appellant denied that the appellee was the father of the child and refused to deliver it to the appellee. An examination of the record discloses evidence which sufficiently supports the finding of the trial court as to the paternity of the child. It is also found by the court, and fully supported by evidence, that the appellant, during the time that she has had custody and control of the child, has furnished him a good home, cared for him properly, and procured for him proper educational facilities and religious training. It is also established by the evidence that the appellee has again married, and that he

has a home and is engaged in business in Battle Creek, Michigan. The record is silent as to whether the child would be welcome in appellee's home and would be taken care of properly.

The parent is the natural guardian of his child, and this "court has never deprived a parent of the custody of a child merely because on financial or other grounds a stranger might better provide." *Norval v. Zinsmaster,* 57 Neb. 158. And a respondent "could only show himself entitled to the custody of the child by proof of the allegations of the parents' unsuitability." *In re Application of Thomsen,* 1 Neb. (Unof.) 751.

There is no evidence that the child will be welcome in the relator's home. The child is now in a home to which the relator committed it, and is well cared for. The relator proposes to remove the child from the jurisdiction of the court. Under such conditions the welfare of the child will be best served by allowing it to remain in its present home until it has been made to appear that it will be welcome and well cared for in relator's home. The judgment of the district court is therefore affirmed in so far as it finds and fixes the paternity of the child, but modified in so far as it awards the custody of the child to the relator, and the custody of the child is, for the time being, awarded to the appellant, without prejudice to any future application by the relator for the custody of the child, based upon a showing of his ability to care for and furnish to the child a proper home. The case is therefore remanded, with directions to enter a judgment in accordance with this opinion.

REVERSED IN PART, AND REMANDED, WITH DIRECTIONS.