## WILTON et al. v. SPENCER et al.
### No. 14089.

Court of Civil Appeals of Texas.
Fort Worth.
May 3, 1940.

H. M. Muse, of Wichita Falls, for appellants.

John D. McComb, of Jacksboro, for appellee.

BROWN, Justice.

This is an appeal from a judgment of the district court of Jack County, awarding the custody of a minor child about four years old in such manner that the mother, who has remarried since she and the child's father were divorced, has the care, custody and control of the child certain months during each year, and the child's aunt and her husband have such care, custody and control during the other months of each year. The aunt is a sister of the father of the child and lives in the same town as does the father.

The cause was tried before the district court, and the mother, joined by her present husband, has appealed from the judgment, contending that she should have been awarded the exclusive care, custody and control of the child, with the right and privilege of the father to visit the child at suitable times.

Three assignments of error are presented. We will consider the first and second together. The first contends that the trial court erred in finding that it would be to the best interest of the child for its custody to be awarded a part of the time to its aunt and uncle (by marriage), the appellees, and a part of the time to its mother and step-father, in the absence of proof that its mother is not a fit and proper person to have such care, control and custody, and when the proof discloses that the mother had a proper home in which to keep the child, and under the law the mother was entitled to a preference over other relatives, such as her said aunt, and that it would be to the best interest of the child to give the care, custody and control of the minor to its mother.

The second assignment of error is in all respects identical with the first and urges that the proof discloses that the child is harder to control after it has been in the care of its aunt.

Every member of this court has served as a district judge and, in such responsible positions, we were called upon time and time again to assume the responsibility of deciding, as best we knew, from the facts, circumstances and situations before us, what was for the best interest of small children who have been found adrift on the sea of life, after the matrimonial barque, launched so bravely and happily by the parents, has struggled in a sea of discontent and been wrecked on the rocks of unhappiness.

■ 'Tis no easy task for any court, and it was the purpose of those who went before us to create some agency wherein the interest of the unfortunate child should be paramount and the interest of the unfortunate parent, or parents, only secondary. Looking to this end, those who have run before us have lodged in the hearts and bosoms of our district judges discretionary powers in these matters, on whom the burdens and responsibilities are thus thrust. Unless such discretion is abused, neither

this court nor the Supreme Court can or should interfere.

Art. 4639 (Rev. Civil Statutes) vests the authority in the district court to award the custody of a minor child in such manner as is deemed for the best interest of the child.

The little boy, whose present and future welfare are involved here, was born to Maurice Spencer and Eula Mae Spencer, on January 25, 1936, and both the mother and child were cared for by Mrs. Edna Gray (one of the appellees and a sister of Maurice Spencer). When the little boy was about seventeen months old, the mother separated from the father and secured employment in a cafe in Jacksboro, Texas, and left the baby with Mrs. Gray. She visited the baby while she worked in Jacksboro, and even when she secured employment in cafes in Wichita Falls and Midland, Texas. The mother secured a divorce from the father of the child in the 78th District Court of Wichita County, Texas, on February 26, 1938. The custody of the child was not put in issue in that suit, but an agreement was had whereby the child was to be left with Mrs. Gray and the mother given the right to visit it. The mother married one C. M. Wilton, after the father of the child brought suit in the district court of Jack County, praying for an order awarding the care and custody of the little boy to him, and alleging that he would keep the child in the home of his said sister if given such custody, and prayed in the alternative that such custody be awarded Mr. and Mrs. Gray.

The evidence discloses that the stepfather, Wilton, is a tool dresser and seeks employment in the oil fields and that such work is not "steady" employment; that a baby has been born to Mr. and Mrs. Wilton; that they are renting a furnished place; that Mr. Gray is part owner of a crude oil refinery in Jack County and he and Mrs. Gray have no children.

The trial court saw and evidently knows the parties here in litigation. The facts and circumstances were before the judge of that court and he has entered a decree which, to him, makes for the best interest of this little boy. He has exercised his discretion and we cannot find anything in the record tending to show an abuse of the discretion vested in him.

We are content to cite only two cases in support of our conclusions. Smith v. Biggers, Tex.Civ.App., 41 S.W.2d 325, and Conley v. St. Jacques, Tex.Civ.App., 110 S.W.2d 1238.

The third assignment of error contends that the trial court erred in not giving appellants the right to try the issues involved before a jury.

We see no error in this. We believe that the paramount issue was one for the court, and that this case does not present a situation where a jury verdict would prove helpful as being even "advisory". Fact is, we believe the trial judge has evidenced a desire to discharge his full duty rather than indulge in "passing the buck" to a jury. For this we honor rather than criticise him.

All assigned errors are overruled and the judgment is affirmed.