## LYLE v. LYLE.

### No. 5638.

Court of Civil Appeals of Texas. Texarkana.

June 20, 1940.

Tom N. Cope and Carney & Carney, all of Atlanta, for appellant.

Robert F. Salmon, of Linden, and Cecil R. Glass, of Marlin, for appellee.

JOHNSON, Chief Justice.

This suit was filed by appellee, Allie Lyle, praying for a divorce against her husband, E. L. Lyle, on ground of cruel treatment and in which suit she asked for the care and custody of their minor children, Mildred, a girl age nine, Loyd, a boy age seven, and Margie Ann, a girl age three. The defendant answered, and by cross-action asked that the decree of divorce be granted to him and that he be given the care and custody of the children. Trial of the cause was to the court without a jury. Among other facts, the court found that plaintiff was entitled to the divorce, and that: " * * * the Court having heard the evidence as to surroundings and circumstances of each of such children and the financial circumstances, character, and fitness of their parents and their ability to contribute to the support of such children, and being of the opinion that the best interest of the said children will be served, if Mildred Lyle, the oldest child, be placed in the custody of E. L. Lyle, the Defendant, and that the other two children, namely, Loyd Lyle, a boy, and Margie Ann Lyle, the baby girl, be placed in the custody of Mrs. Allie Lyle," * * *.

Whereupon the court decreed that the marriage relationship existing between plaintiff and defendant be dissolved, and "That the present care, custody and control of Mildred Lyle, the oldest child of the plaintiff and the defendant, be granted to the defendant, E. L. Lyle; and that the present care, custody and control of the other two children, Loyd, a boy, and Margie Ann, a girl, be granted to the plaintiff, Mrs. Allie Lyle, each parent to have the right of reasonable visitation of said children."

The defendant, E. L. Lyle, has appealed.

Appellant contends: (1) That the evidence is not sufficient to sustain the judgment awarding the divorce in favor of appellee; and (2) that the evidence is sufficient to have sustained a judgment for divorce in favor of appellant; and (3) that the evidence is insufficient to support the judgment awarding the present care and custody of the two younger children to the mother. We have carefully read the statement of facts and are unable to agree with appellant's contention. Awarding the custody of a child is a matter largely addressed to the sound judgment of the trial court and will not be disturbed on appeal, unless it is so contrary to the great preponderance of the evidence as to show an abuse of discretion. Epstein v. Epstein, Tex.Civ.App., 84 S.W.2d 894.

The judgment of the trial court is affirmed.