**BERNER et ux. v. BERNER et al.**

No. 11099.

Court of Civil Appeals of Texas. Galveston.

Jan. 9, 1941.

Rehearing Denied Jan. 30, 1941.

C. C. Glenn, of Sealy, W. D. Bryan, of Bellville, and Lawler, Wood & Childress and Virgil Childress, all of Houston (Virgil Childress, of Houston, of counsel), for plaintiffs in error.

Vinson, Elkins, Weems & Francis, of Houston, for defendant in error G. R. Berner, Jr.

C. D. Duncan and J. Lee Dittert, both of Bellville, for defendant in error Katherine Downs Berner.

GRAVES, Justice.

This appeal, through writ of error, by Mr. and Mrs. G. R. Berner, Sr., against Mr. and Mrs. G. R. Berner, Jr., is from a final judgment of the district court of Austin County, of date February 16, 1940, in cause No. 7243 upon its docket, divesting the custody of the eight year old grandson of the former and son of the lat-

ter out of its grandparents, and vesting it in its parents, in these terms: "It Is Ordered, Adjudged, and Decreed by the Court that the custody of David Downs Berner, the minor child of Lieutenant G. R. Berner, Jr., and Katherine Downs Berner, be, and the same is hereby, denied to and divested out of G. R. Berner, Sr., and wife, Louise Berner, and placed, and ordered placed, in the custody of Lieutenant G. R. Berner, Jr., and Katherine Downs Berner, as hereinbefore in this decree stipulated, and the said G. R. Berner, Sr., and wife, Louise Berner, are hereby commanded to give and deliver unto the custody of Lieutenant G. R. Berner, Jr., and Katherine Downs Berner, (said child) as herein stipulated, made certain and provided for in this decree."

By a prior judgment in the same cause and between the same parties, which had been originally filed by G. R. Berner, Jr., against his then wife, Katherine Downs Berner, for a divorce, property settlement, and custody of the same child, as between those two, in which cause at that time Mr. and Mrs. G. R. Berner, Sr., had become parties by intervention, seeking for themselves alone the custody of such child, the court had on July 27 of 1939 divorced the junior Berners, settled their property interests, and divided the custody of such minor as between them; no appeal as to those determinations was taken by any party thereto, hence they became final, but with reference to the custody of the child, as between the junior and senior Berners, it further decreed as follows:

"It Is Further Ordered, Adjudged and Decreed by the Court that this Court retains jurisdiction of that portion of this suit relating to custody and support of the minor, David Downs Berner, and to, either upon further hearing the intervention of G. R. Berner, Sr., et ux., which is not this day determined, or upon hearing other motions or pleadings of plaintiff or defendant, or upon the Court's own motion, alter or change the provisions hereof relating to such custody and support as to the Court may seem necessary from time to time, and to the best interests of said minor. The status and custody of the minor shall be undisturbed, pending further determination of the custody of the child."

On the present appeal, at the outset in this court, the defendant-in-error, Katherine Downs Berner, the former Mrs. G. R. Berner, Jr., her divorced husband, G. R. Berner, Jr., having meanwhile married another wife, moved this court to dismiss this writ-of-error so presented here by the senior Berners, on the alleged ground that they, the plaintiffs-in-error, have no substantial interest in the subject matter thereof—that is, the trial court's order dealing with the custody of the minor—nor any right to seek a revision of that order, and are estopped to contend that they have any such interest; in that the stated judgment of July 27 of 1939 establishing the minor's custody in the defendants-in-error herein, under R.S., Article 4639a, was final and cannot be questioned by anybody, in the absence of unchanged conditions; and, further, because they voluntarily dismissed their intervention plea in such former cause on February 9 of 1940, and also agreed to the former awarding of such custody to the defendants-in-error, after bringing such child into and submitting it to the jurisdiction of the court in that cause.

That motion, having been taken for decision with the cause itself, is refused, under the conclusion that the plaintiffs-in-error do have a substantial interest in the subject matter of this appeal, the trial court having expressly found that it had jurisdiction over the plaintiffs-in-error, and, on that predicate, having decreed that they be deprived of the custody of the child, with added command that they deliver him to the defendants-in-error.

It is true that, on February 9 of 1940, the judge of that court, acting as an individual when he was beyond the territorial confines of the district court of Austin County, abortively signed an order, purporting to be the act of that district court, permitting the Berners to abandon their intervention; but as the judgment now under review correctly determines, that order, entered in such circumstances, was a mere nullity or a functus officio act, this present determination herein of its invalidity being correct: "And it appearing unto the Court that the order entered on the 9th day of February, 1940, allowing the intervenors, G. R. Berner, Sr., and wife, Louise Berner, as intervenors, to withdraw their intervention, was made by the Court at a time when the Court was beyond the territorial confines of Austin County, Texas, and without notice to or knowledge of the same in the said Katherine Downs Berner and

her attorneys of record, and without her, or her attorneys' of record consent, and that said order evidenced only a determination of said intervenors to forego the further prosecution of their suit by intervention for the custody of such child, but did not deprive Katherine Downs Berner of her right to affirmative relief as against such intervenors for the custody of such child, and did not deprive this Court of jurisdiction over the person of David Downs Berner and its authority to vest custody of the said David Downs Berner, a minor, as against G. R. Berner, Sr., and wife, Louise Berner, the said intervenors."

■ Moreover, even were the defendant-in-error's assertion that plaintiffs-in-error have no justiciable interest supporting their prosecution of this writ of error correct, in the other circumstances appearing, among them that such grandparents had so submitted themselves and the child (of which they then had possession) in court to its active jurisdiction touching such custody, it is this court's opinion that the child itself had a most material interest in its grandparents' being still held subject to the court's power over its future welfare; because, under all the authorities, including the invoked statute, Vernon's Ann.Civ.St. Art. 4639a, its interest was the paramount one.

Upon consideration of the appeal on its merits, however, it seems obvious that plaintiffs-in-error have pointed out no sustainable ground upon which the trial court's judgment may properly be interfered with. They are here not only without any statement of facts, but upon a record which shows that, although they were duly cited to appear and answer the pleadings of the defendant-in-error, Katherine Downs Berner, herein, by which she affirmatively sought for herself the custody of such child against the plaintiffs-in-error, and upon which the trial court rendered the appealed-from judgment, after having heard evidence thereon to its satisfaction, they made no contest, nor presented any evidence at all, as appears from this recitation in the court's decree, to-wit:

"And although G. R. Berner, Sr., and wife, Louise Berner, and their attorneys of record, C. C. Glenn and W. D. Bryan, have been served with a copy of the motion herein filed by Katherine Downs Berner asking for judgment, and have been given due notice of the hearing of this cause and the hearing of the matter of cus-

tody of David Downs Berner as between G. R. Berner, Jr., and Katherine Downs Berner, and G. R. Berner, Sr., and Louise Berner, and they, and each of them, and their attorneys of record, after such notice declined to appear herein in the adjudication of the right to custody of the minor child, David Downs Berner."

Their position, as appears from their brief and their reply to the opposing motion to dismiss the writ-of-error herein, seems to be that the trial court's order, quoted supra, in its prior judgment of July 27 of 1939, to quote their own language, "expressly left undecided the rights of exclusive custody asserted by intervenors (plaintiffs-in-error here) and thus, in legal effect, dismissed without prejudice their petition of intervention"; further, in their exact language, "on February 9, 1940, when no counter-claim, cross-action, or other claim for affirmative relief was pending against them, intervenors (plaintiffs-in-error here) had filed their motion to dismiss their petition of intervention, and pursuant thereto a judgment of dismissal thereof had been duly entered on the same day."

Upon these positions as a basis they deduce that, upon their own failure to appear at this hearing below on February 16 of 1940, the trial court should have dismissed their petition of intervention, and was without any power to render a judgment against them on the merits of the custody controversy by decreeing, as it did, that they should be divested of all custody in favor of the defendants-in-error.

■ This court agrees fully with the defendants-in-error that, in the circumstances stated, it is only necessary to invoke the provisions of Vernon's Ann.Civ. St. art. 4639a, together with the constructions thereof given by the Supreme Court in such cases as Townsend v. Townsend, Tex.Civ.App., 115 S.W.2d 769, and Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016, 1021, to disclose the vice in their position; in other words, both by the express terms of this statute and the interpretations thereof by the Supreme Court, the trial court in this instance retained full power and jurisdiction in the matter of the custody of this minor as against all the parties before it at that time, including its grandparents, the plaintiffs in error, notwithstanding their abortive efforts, after so subjecting the child to such complete jurisdiction of that court over it, to

1020

dismiss themselves out of that proceeding; and that, in consequence, on February 16 of 1940, when it came to render the judgment here under review, it had full power over all the parties at bar, as well as over the child itself, to so finally determine the custody issue.

 Wherefore, since all the recitals upon the various features of the decree, as given supra, are unimpeached by anything of record herein, they must be accepted as reflecting the facts underlying each of them; further, the court below having thus had jurisdiction of the parties and of the entire subject matter of · the custody of the minor, he being under 16 years of age, and the challenged judgment being one the court had the power to render under the pleadings, in the absence of a statement of facts, it will be conclusively presumed that the evidence heard fully sustained the court's action.

These conclusions require an affirmance of the judgment; it will be so ordered.

Affirmed.