## SECREST et al. v. LEWIS et ux.

### No. 11310.

Court of Civil Appeals of Texas.
San Antonio.

May 5, 1943.

Johnson & Rogers, of San Antonio, for appellants.

Delos Finch, of San Antonio, for appellees.

MURRAY, Justice.

This is an appeal from the judgment of the District Court in a habeas corpus proceeding instituted by Rubye L. Secrest, joined by her present husband, Stuart T. Secrest, against Mr. and Mrs. Jesse Lewis, to recover control and custody of Cyrtis Wayne Gibson, the two-year-old son of Mrs. Secrest and her former husband.

The trial was before the court without the intervention of a jury and resulted in judgment awarding the control and custody of the child to the Lewises, from which judgment the Secrests have prosecuted this appeal.

The facts are briefly as follows:

Mrs. Secrest was formerly married to Hoot Gibson, who is the father of her two children. The oldest child is about five years old and lives with his grandmother, Mrs. Cummings. The child involved here will be three years of age on September 30, 1943, and lives with Jesse Lewis and his wife, Melba Lewis. Mrs. Secrest was

divorced from Hoot Gibson on February 20, 1941, in the District Court of Uvalde County, and in the judgment was awarded the custody of her two children, although at the time the youngest child was living with the Lewises in San Antonio, Texas. She was married to her present husband, Stuart Secrest, on May 6, 1941. On December 29, 1940, when the youngest child was about three months of age, she turned it over to the Lewises and the child has lived with them ever since. At the time, Mrs. Secrest (then Mrs. Gibson) was in very necessitous circumstances, as were her parents. She was working at a cafe and receiving $7 per week. It was no doubt financial strain that caused her to deliver her child to the Lewises. She is now in much better financial circumstances. She is receiving $150 per month, as a mechanic at Duncan Field, while her husband receives $155 per month at the same place. He states he has a promotion coming up that will increase his pay to $190 per month. Appellants live at a boarding house in San Antonio, where they pay $67 per month for one room and their board. The married life of the Secrests has not been very peaceful and they have separated on three different occasions. One divorce suit was filed and is still pending, but they thought it had been dismissed. On one occasion during a separation Mrs. Secrest moved a part of the furniture and Mr. Secrest filed suit in the Justice's Court of Uvalde County to recover the furniture. Mrs. Secrest began preparations to file a claim for an allotment for her children, based upon the fact that their father, Hoot Gibson, is in the military service of the United States Government. She found out that she could not get the allotment unless she had the custody of her child. She seized possession of the child but the Lewises followed her up and retook the possession of the child. She then instituted this suit. Mrs. Secrest is very high tempered, has thrown rocks at her husband and broken the windows of his automobile. On another occasion she chased him around an air plane with a hammer. During the trial her conduct was such that the District Judge threatened to send her to jail. She intended, if given the custody of the child, to turn it over to her mother who lives at Reagan Wells, some thirty miles from the town of Uvalde in Uvalde County.

The trial judge found that she was not morally unfit to have the custody of her child but he further found that the best interest of the child would require that it be left in the home of the Lewises.

The matter of determining the custody of a child is largely addressed to the discretion of the trial judge. We are unable to say here that the trial judge erred in allowing the Lewises to retain custody of this child.

The fact that the mother had voluntarily given her child to the Lewises, that her present husband does not welcome the child to their home, that the mother and her present husband are having a rather unsettled married life, that the mother intends to give the custody to another, her mother, and the further fact that the Lewises have nursed the child from infancy and their home is the only home the child has known, and that the government allotment for the support of the child may have at least in part prompted her to demand custody of the child, all taken together support the action of the trial judge in permitting the child to remain in the home where the mother had placed it and in the custody of the foster parents to whom the mother had given the child.

Appellants contend that the judgment in the divorce case in Uvalde County between Mrs. Secrest and her former husband having awarded to her the custody of this child, such judgment was res adjudicata of the question up to that date and that such custody could only be changed by showing changed conditions since the date of the judgment. We overrule this contention. The Lewises are strangers to the divorce decree at Uvalde. Prior to this divorce Mrs. Secrest had given this child to the Lewises. They had no chance to appear and be heard in the proceedings at Uvalde. The child was in the home of the Lewises in San Antonio and neither party to the suit had the custody or control of the child at the time the judgment was entered. Under such circumstances the judgment was not binding on the Lewises and they were entitled in this suit to show all the facts relating to their custody of the child, including facts which antedated the divorce decree.

The fact that the mother is the natural guardian of her child does not give her an absolute right to recover its custody and care from one to whom she has given her child. Under such circumstances the best interest and welfare of the child is the paramount issue. The fact that the child

has not yet arrived at an age that it will be emotionally disturbed by transferring it to a new home and a new custody is not controlling.

The judgment of the trial court is affirmed.