## LOLLEY v. LOLLEY.

### No. 11428.

Court of Civil Appeals of Texas.
San Antonio.

June 21, 1944.

Rehearing Denied July 19, 1944.

Kelley & Looney and L. Hamilton Lowe, all of Edinburg, for appellant.

Carter & Stiernberg, of Harlingen, for appellee.

MURRAY, Justice.

This is an appeal from a final judgment of the District Court of Cameron County, denying both parties a divorce and awarding the custody of a minor child to a third party.

The appellant, J. A. Lolley (husband), was the defendant and cross-plaintiff below, and appellee, Leona Crouch Lolley (wife), was the plaintiff and cross-defendant below.

Appellant's first contention is that the court was without jurisdiction and power to award appellant's minor child to a third person after refusing to grant a divorce to either of the parties, leaving them still married. We overrule this contention. The fact that the divorce was refused did not deprive the court of the power and jurisdiction to proceed to a disposition of the other phase of the case relating to the custody of the minor child.

In 15 Tex.Jur. p. 663, it is stated: "Circumstances which have been held not to deprive the court of jurisdiction to make orders respecting the custody and welfare of the children include the denial of a divorce." The text is supported by citation of Defee v. Defee, Tex.Civ.App., 51 S.W. 274, a case directly in point. See also: Ex parte Badger, 286 Mo. 139, 226 S.W. 936, 14 A.L.R. 286; Edwards v. Edwards, Tex. Civ.App., 288 S.W. 634, and Id., Tex.Com. App., 295 S.W. 581; Texas Constitution, Article 5, § 8; Vernon's Ann.St.

Appellant's second point presents the contention that the trial court erred in awarding the custody of the child to a person who was not a party to the suit, and without any pleading requesting such award of custody. We overrule this contention. The judgment awards the custody of Mary Leona Lolley, a minor, to Mrs. Lolley's father, C. E. Crouch. The record shows that on December 1, 1942, some two years before this trial, an order was entered awarding the custody of this child to C. E. Crouch pending the trial, and that this order was approved by attorneys for both appellant and appellee. Appellant testified during the trial that he thought appellee's father and mother would give the child a good home and he said he would not ask for the child to be moved. There is abundant evidence that the award made was for the best interest and welfare of the child. Appellee's father, C. E. Crouch, appeared at both the preliminary hearing and at the trial and requested that he be given the custody of the child. It occurs to us that while there were no pleadings asking that the custody of the child be awarded to C. E. Crouch, nevertheless, the issue was tried by implied consent, if not, in fact, by expressed consent. Rule 67, Texas Rules of Civil Procedure, provides, among other things, that, "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been

raised in the pleadings." Appellant relies upon the case of Green v. Green, Tex.Civ. App., 45 S.W.2d 331. This case was decided long before the adoption of Rule 67, Rules of Civil Procedure, and for that reason is not in point.

The judgment is affirmed.