## NORRIS v. NORRIS.

### No. 2676.

Court of Civil Appeals of Texas. Waco.

May 16, 1946.

Rehearing Denied June 6, 1946.

Lewis M. Seay, of Groesbeck, for appellant.

Clarence Ferguson, of Groesbeck, for appellee.

HALE, Justice.

Appellant sued her husband for divorce and for the custody of their minor child. The case was tried before the court without a jury. Judgment was rendered (1) granting the divorce and (2) awarding the child's custody (a) to appellant during the months of June, July and August and (b) to appellee during the remainder of the year. Appellant says the judgment should be reversed in part because the evidence shows she was better qualified than appellee to have the custody of the child.

The prime consideration in the disposition of a child custody case is the highest welfare and best interest of the child. Legate v. Legate, 87 Tex. 248, 28 S.W. 281; Greenlaw v. Dilworth, Tex. Com.App., 299 S.W. 875, pt. 10; Schultz v. Brown, Tex.Civ.App., 152 S.W.2d 801, pt. 1, error dismissed; Kelly v. Page, Tex. Civ.App., 186 S.W.2d 735, pt. 4, err. ref. In the judicial determination of such issue the trial judge is vested with broad discretionary powers. Bateman v. Bateman, Tex.Civ.App., 188 S.W.2d 866, pt. 3, error dismissed. The exercise of such powers will not be disturbed upon appeal unless it be shown that the court below abused the sound discretion so vested in it. Epstein v. Epstein, Tex.Civ.App., 84 S.W.2d 894; Lyle v. Lyle, Tex.Civ.App., 141 S.W.2d 960; Wrather v. Wrather, Tex.Civ.App., 154 S.W.2d 955, pt. 1, err. ref.; Thompson v. Haney, Tex.Civ.App., 191 S.W.2d 491, pt. 4.

Fourteen witnesses testified at the trial of this case, eight on behalf of appellant and six on behalf of appellee. Although we have carefully considered all of the evidence thus adduced, we do not think any useful purpose would be served by setting forth an extended summary thereof or by pointing out the conflicting conclusions of fact which in our opinion might reasonably be drawn therefrom. It appears that neither party to the action has a suitable home of his or her own to which either might take the child at this time, appellee relying upon the aid of his parents

and appellant depending upon the assistance of her grandparents for the proper care of their offspring. Viewing the evidence as a whole in the light most favorable to the judgment, as it is our duty to do, we cannot say the trial judge abused his discretion in finding that the child's welfare would be best subserved under the existing circumstances by awarding its custody to appellant during the summer months and to appellee during the remainder of the year.

Therefore, the judgment appealed from is affirmed.