## CRAWFORD v. CRAWFORD.

### No. 11825.

Court of Civil Appeals of Texas. Galveston.

Nov. 14, 1946.

Rehearing Denied Dec. 5, 1946.

Russel A. Bonham and Kenneth H. Aynesworth, both of Houston, for appellant.

Merrill & Scott and Herbert L. Heatley, all of Houston, for appellee.

GRAVES, Justice.

This was a divorce action, tried without a jury, in which appellant, plaintiff below, was granted a divorce, and appellee, defendant below, was awarded the custody of their child. Appeal is from the award of custody alone. That much of the decree was this: "It is further Ordered, Adjudged and Decreed by the Court, after hearing all the evidence, that the care, custody, and control of Tom Lownsbery Crawford, minor child of the parties hereto, and being of the tender age of ten months, be awarded to its mother, Isabel Crawford, who is a fit and proper person to have the care, custody, and control of said minor child, and that it is to the best interest of said minor child that its care, custody, and control be awarded to its mother, Mrs. Isabel Crawford."

Otherwise—than as thus quoted from the judgment—no findings of fact or law were requested or filed.

Appellant's first, second, and third points of error, in substance, complain that the judgment of the trial court, in so awarding the custody of the child to appellee, was so against the weight and preponderance of the evidence as to amount to an abuse of the discretion vested in the trial court in such cases.

The fourth point challenges the trial court's action in having made no specific order for the support of the child.

The only material finding of the court directly affecting its complained-of custody order was this, with reference to the community estate of the divorced father and mother: "It is further Ordered that with reference to the community property, the Court finds as follows: That there is a community estate existing between the parties, but that no evidence was adduced upon a trial hereof showing the description and the value of said community property and therefore no partition is made by the Court of said community property, and each of the parties have their respective interests in and to their community property, and this judgment does not attempt either to adjudicate the community estate, or the rights of the parties thereto.

The parties fully agree upon the law applying to the sole question thus brought here for review, and could not well do otherwise, since it has been expressly declared in Vernon's Texas Civil Statutes, Articles 4639 and 4639a, as amended in 1941 by the 47th Legislature.

Indeed, both parties ground their differing positions here upon those statutes, as construed in a number of our appellate-court decisions, respectively cited by them, none of which are claimed by either to be in conflict with any so cited by the other.

█ Since they thus mutually concede that our law in child custody cases not only makes the child's best interest the paramount issue always, but also that these two cited statutes confer upon the trial court a very broad discretion in determining what that interest from time to time

is, it becomes unnecessary to further detail those provisions; by the amendment of 1941 to 4639a, however, the Legislature recognized specifically that our courts exercise a continuing jurisdiction in such instances, and added thereto this provision: "* * * the authority conferred upon the Court to enforce such judgments may be exercised by the Judge of said Court in vacation. Added Acts 1941, 47th Leg., p. 660, ch. 402, § 1."

Appellant's brief thus states the controlling respects in which it is claimed the trial court exceeded its discretion:

"(a) There is a total absence of evidence that appellee is a proper person to have the child's custody;

"(b) There is ample undisputed evidence to establish that appellant is a proper person to have custody;

"(c) The overwhelming preponderance of the evidence indicates that appellee would not provide a suitable home for the child;

"(d) The undisputed evidence establishes that appellant would provide a suitable home for the child; and

"(e) The evidence indicates strongly that appellee would remove the child from the State, which the record reveals she immediately did."

This court has carefully examined the record under this challenge of its sufficiency to support the appealed-from judgment, and is unable to sustain the claim in a single one of the specified particulars; to the contrary, it finds ample evidence to uphold, if it did not require, the trial court's action.

In the first place, if it were conceded—which question is not here involved—that appellant in his personal conduct was not shown to have been an improper person to have had the custody of his infant son, it would still, in this court's opinion, remain equally clear that the trial court had ample ground for awarding it to the mother instead.

█ Indeed, beyond surmise and suspicion upon appellant's part, there was practically no evidence of probative force to show the contrary as to her determined

fitness, and the mere fact that both its parents might possibly have been found to be fit custodians of the child did not require the court to choose the father over the mother for the care of a child only 10 months old, although a son. McGarraugh v. McGarraugh, Tex.Civ.App., 177 S.W.2d 296, at page 299.

As concern the provision of "a suitable home", the quoted finding of the court that the father and mother had an undisposed of and undivided community estate did not preclude the possibility, at least, that the court might not at some future date order the whole of that property used for the purpose of providing a home for the child.

Furthermore, these parents were before the court in person; it had full jurisdiction over them, their child's welfare as between themselves, and their property at least to the extent that it might be used for the child's benefit; wherefore, the court was not only in position to observe their demeanor, their appearance, and their attitudes, but further, to appraise their ideas and ideologies as affected the child's future welfare. It also did then have and does still retain its power to order any change in such custody that its judgment, upon another hearing, may dictate.

Such right of control extends as much to the whereabouts of the child, that is as to where it shall be kept, inside or outside of Texas, as it does with reference to their property situated in Texas; because the court's jurisdiction over their persons gives it power to control their actions with reference to the State the child is kept in; Patterson v. Wilson, Tex.Civ.App., 177 S.W.2d 1004, and cited authorities at page 1006.

Moreover, there was testimony clearly sufficient for the trial court to have stated any one or all of these findings, adverse to the appellant's contention, to wit:

(1) As concerns appellant's background, his actual situation, and the "suitable home" he was in position to then furnish the child, that he had no home of his own, these parents having sold theirs before the filing of this divorce suit, and he being then living in a home belonging to his mother, along with her, his brother, and his grandparents;

(2) That appellant himself, his brother, and his mother and father, had all failed to maintain their marriages, and had sought divorces;

(3) As indicated, the removal of the child from the State could, under the cited authorities, only be done in consonance with the trial court's order;

(4) That the parties had discussed a separation some three months prior to the appellee's having taken the child to the State of Nevada, and that appellant had told her to go there; further, that when appellant went there and took the child from her and brought it back to Texas, he did so without her consent, but ran off with it; whereupon she immediately followed them back to Houston, Texas, and found it again at his mother's home;

(5) That appellant and his family thereupon refused to permit the appellee to have or to hold her baby, or to enter the room where it was, merely finally exhibiting the child to her through a screen door, while she wept outside.

Further discussion is deemed unnecessary; in a word, it is held that no abuse of a sound judicial discretion in such a case has been shown, hence that this appellate court is without authority to interfere with the due and orderly administration the trial court is—by this record—shown to have made of the cause. This conclusion is supported by these, among other, authorities that might be cited: Amos v. Sengleman; Tex.Civ.App., 183 S.W.2d 1008; Epstein v. Epstein, Tex.Civ.App., 84 S.W.2d 894; Lyle v. Lyle, Tex.Civ.App., 141 S.W.2d 960; McGarraugh v. McGarraugh, Tex. Civ.App., 177 S.W.2d 296; Patterson v. Wilson, Tex.Civ.App., 177 S.W.2d 1004; Rider v. Rider, Tex.Civ.App., 143 S.W. 2d 222; Hamer v. Hamer, Tex.Civ.App., 184 S.W.2d 492.

The judgment will be affirmed.

Affirmed.