## TRAIN v. TRAIN.

No. 13847.

Court of Civil Appeals of Texas. Dallas.

Jan. 9, 1948.

Rehearing Denied Feb. 27, 1948.

Earl R. Parker, Leland M. Johnson and Burt Barr, all of Dallas, for appellant.

Clifford S. Dillard, of Dallas, for appellee.

YOUNG, Justice.

The suit by Betty Irene Train against appellant (defendant in trial court) was for divorce on allegations of cruelty, possession of three-year-old son, support for child, and that the community home be set aside for her use and benefit. Defendant below answered by general denial and cross action for divorce on ground of adultery, also seeking custody of the minor child.

After hearing of testimony, brought up in the 192-page statement of facts, a judgment of divorce was granted to Mrs. Train, the cross action of defendant denied, with further provisions, viz: (1) Homestead of the parties at 3921 Worth Street, Dallas, and furnishings set aside to plaintiff so long as she remained a widow, subject to her obligation to maintain the property and make all payments coming due thereon; (2) the minor child was placed in temporary custody of Everett F. Harrison, 5315 Gaston Avenue, with set hours of visitation by Mrs. Train; the mother being required to make payments of $2.50 per week towards support of child, Stephen Eugene, the father $7.50 per week.

We have thoroughly examined this record of marital infelicity—a rather sordid disclosure from the standpoint of the issues raised by both pleadings and evidence; and for reasons readily suggestible to the parties concerned, a detail of material testimony will not be given. Where, as here, the wife's petition for divorce is countered by that of the husband for the same relief, it is well settled that the question of full and satisfactory evidence as a basis for the relief sought is not only one

for the trial court, but for the appellate court as well. 15 T.J. 549. The cited rule is applicable without necessarily infringing on the trial court's province to determine the credibility of witnesses and the weight to be· given their testimony, Mortensen v. Mortensen, Tex.Civ.App., 186 S.W.2d 297, Syl. 17; and while we have given due deference to the trial court's conclusions as to credibility of witnesses, the quantity and character of corroboration in support of defendant's cross action simply cannot be disregarded. Further in the same connection, the record points to witnesses accessible to plaintiff, but not produced, that would materially have tended to refute the accumulation of testimony directly imputing infidelity. Knight v. Knight, Tex.Civ.App., 220 S.W. 609; 15 T.J., sec. 87, p. 552.

In our opinion and as a conclusion of fact, it is the defendant that has met the burden of establishing his cross action by clear and satisfactory testimony; plaintiff to the contrary not having satisfied the requirements of the statute, Art. 4632, Vernon's Ann.Civ.Stats.

 Concerning the child, Stephen, Eugene, the court, in effect, permitted it to remain in possession of the father, though the order for temporary custody was to Everett F. Harrison, with whom Mr. Train resided. Said custodian was a man of family and teacher at Dallas Theological Seminary, where defendant was a student preparing for the ministry.

The parties in supplemental statements call attention to the following subsequent occurrences with respect to this child: That sometime after date of judgment (May 9, 1947), the Harrisons moved away from Dallas, necessitating a change of custody to another person with whom appellant and the child were boarding. Illness in the family of said second custodian caused him to request a release from the trust, which was heard by the court and consent given for the child to be taken to Washington State by appellant for a visit with his parents, pending outcome of the suit. Removal of the child to another State, under the recited facts, does not result in loss of jurisdiction by Texas Courts, once acquired, to finally adjudicate or readjust the right of custody as between the parents. 27 C.J.S., Divorce, §§ 303, 317. Nor· is above change of conditions material, for we have resolved to confirm appellant's right of custody. The judgment under review granting a divorce to plaintiff, Betty Irene Train, and denial of defendant's cross action in such respect, is reversed· and rendered; and Eugene Dennis Train is hereby granted a decree of divorce together with an award of present care, custody and control of the named minor child.