### LASATER et al. v. BAGLEY.

### No. 2703.

Court of Civil Appeals of Texas. Eastland.

Jan. 21, 1949.

Rehearing Granted in Part and Denied in Part Feb. 11, 1949.

688

Earl Conner, Sr., of Eastland, for appellants.

Allen D. Dabney, of Eastland, for appellee.

GRISSOM, Chief Justice.

Beth Lasater and husband brought this suit against Jack P. Bagley to obtain custody of Larry Scott Bagley, son of Beth Lasater (formerly Beth Bagley) and Jack P. Bagley, who was born on May 15, 1941. Plaintiffs alleged that when the judgment divorcing the Bagleys was rendered, it was agreed the custody of the boy should be awarded to the father; that the mother was then working and not able to take care of the boy and the father was in a better position financially to support him. Plaintiffs alleged a change in conditions since rendition of said judgment. Plaintiffs alleged the mother married Garland Lasater in 1947; that they have a home with rea-

sonable conveniences and are able to support the boy; that his father is attending school in Houston, leaving Larry in the home of the paternal grandparents. The father answered that it was true he was attending school in Houston and while he was in school Larry stayed in Eastland with the mother and father of Jack P. Bagley; he alleged facts tending to show that said home was a proper place for the child to be reared and to his best interest. Defendant alleged the mother had no permanent home; that she had remarried and moved from place to place; that she was planning to move to South Texas and the welfare of the child required that there be no change in his custody.

Upon a trial to the court, judgment was rendered awarding custody of the boy to his mother from June 1st to September 1st each year and to the father from September 1st until June 1st. The judgment provided for the child to visit his father on half the week-ends during June, July and August, and that during the time the boy was in the custody of his father, he should spend the week-ends with his mother. The judgment recited that it was for the best interest of the boy that he be kept in Eastland County and directed that he not be removed therefrom without an order of the court. Both plaintiffs and defendant excepted and gave notice of appeal but only the plaintiffs perfected their appeal.

The case is presented to this court upon the following points of error:

1. "The trial court erred, as a matter of law, in rendering part time custody of the minor to his father, and in refusing to render full time custody of the child to his mother, the court having found that the mother was a suitable person to have such custody.

2. "The trial court erred in rendering judgment splitting the custody of Larry between his parents in the manner and way as shown by the judgment, the evidence being insufficient to support the same, it clearly revealing that it was not to the best interest of the child.

3. "The trial court erred in rendering judgment in effect, in awarding part time custody of Larry to his paternal grandpar-

ents, the court having found and the evidence showing that appellant, Beth Lasater, was a suitable person, and not an improper, unfit or otherwise disqualified person to have the full custody of her child.

4. "The trial court erred in that part of his judgment wherein he undertook to retain jurisdiction and control over the person of the minor beyond the time said judgment became final by inhibiting the mother of the child from removing her son beyond the boundaries of Eastland County, such portion of the judgment being null and void."

Appellants' contentions under the first three points are, in substance, that the court having found the mother was entitled to part time custody of the boy, thereby found she was a proper person to have custody and, therefore, the law required that full time custody be awarded the mother.

Appellants, in their brief, seem to assume that all evidence introduced tending to show the mother entitled to full custody of her son is either conclusively shown or found to be true. As is customary in such cases, most of the testimony relative to the qualifications of either side is, to some extent, disputed by the testimony of the other.

■ Contrary to appellants' contention, we think that the trial court, having observed the witnesses, had not only the right but the duty to exercise its sound discretion in determining what was to the best interest of the child. The trial court is certainly in a better position to determine the right to custody, that is, what is to the best interest of the child, than an appellate court which must depend entirely upon the printed record. Crawford v. Crawford, Tex.Civ.App., 197 S.W.2d 880. Furthermore, we understand the law in such cases to be that the judgment of the trial court will not be reversed unless an abuse of discretion is clearly shown.

■ We overrule the contention that the court erred, as a matter of law, in awarding part time custody of the child to his father. The same contention was made and overruled in Lynch v. Wyatt, Tex.Civ. App., 191 S.W.2d 499, 501. In Hamer v. Hamer, Tex.Civ.App., 184 S.W.2d 492, the mother of a girl less than two years of age appealed from a judgment awarding custody to each parent for six months of the year. The Galveston Court of Civil Appeals held that, under the record, the trial court did not abuse its discretion in so dividing the custody. In Penn v. Abell, Tex.Civ.App., 173 S.W.2d 483, the El Paso Court of Civil Appeals held in a proceeding involving custody of two adopted children that a finding that the mother was a proper person to have custody of the children did not entitle the mother, as a matter of law, to custody of both children. See also Edwards v. Edwards, Tex.Com.App., 295 S.W. 581; Train v. Train, Tex.Civ.App., 209 S.W.2d 212; Norris v. Norris, Tex.Civ.App., 46 S.W. 405; Turk v. McLure, Tex.Civ.App., 63 S.W.2d 1049; Valentine v. Valentine, Tex. Civ.App., 203 S.W.2d 693; 46 C.J. 1241, and 39 Am.Jur. 612.

Article 4639, Vernon's Ann.Civ.St., provides:

"The court shall have power, in all divorce suits, to give the custody and education of the children to either father or mother, as the court shall deem right and proper, having regard to the prudence and ability of the parents, and the age and sex of the children, to be determined and decided on the petition of either party; and in the meantime to issue any injunction or make any order that the safety and well-being of any such children may require."

In Patterson v. Wilson, Tex.Civ.App., 177 S.W.2d 1004, writ ref., a judgment was affirmed which awarded custody of an eight year old boy to his mother from September 1st to June 15th and to the father from June 15th to September 1st, although the parents resided in different states. See also 27 C.J.S., Divorce, § 308, p. 1169.

■ It would serve no good purpose to set out the testimony in detail or to narrate the disagreements between the parents. In all child custody cases, the controlling question is, what disposition is to the best interest of the child? Lakey v. McCarroll, Sup.Ct., 134 Tex. 191, 198, 134 S.W.2d 1016; Norris v. Norris, Tex.Civ.App., 194 S.W.2d 813; Berner v. Berner, Tex.Civ. App., 146 S.W.2d 1017; Secrest v. Lewis, Tex.Civ.App., 171 S.W.2d 217; Matthews

v. Whittle, Tex.Civ.App., 149 S.W.2d 601. In determining such question, the trial court is vested with a sound discretion and his judgment will not be disturbed unless an abuse of that discretion clearly appears. Brillhart v. Brillhart, Tex.Civ.App., 176 S.W.2d 229, writ ref.; Patterson v. Wilson, Tex.Civ.App., 177 S.W.2d 1004, writ ref.; Lyle v. Lyle, Tex.Civ.App., 141 S.W.2d 960; Wilton v. Spencer, Tex.Civ.App., 140 S.W.2d 306; Thompson v. Haney, Tex.Civ.App., 191 S.W.2d 491. We think that part of the judgment dividing the custody between the father and mother finds ample support in the testimony and the court did not abuse its discretion in so dividing the custody.

The court did not attempt to retain exclusive jurisdiction to determine the future custody of the boy if conditions materially affecting his welfare changed, as appellants apparently contend in their Fourth Point. The judgment did provide that neither the father nor mother should remove the child from Eastland County without permission of the court. It is true that a court in a child custody proceeding cannot retain exclusive jurisdiction to thereafter determine the question of custody under changed conditions affecting the child's welfare. Goldsmith v. Salkey, 131 Tex. 139, 112 S.W.2d 165, 116 A.L.R. 1293; Lakey v. McCarroll, 134 Tex. 191, 134 S.W.2d 1016; Johns v. Johns, Tex.Civ.App., 172 S.W.2d 770. However, it has been held such court has the power to order that a child shall not be removed beyond the confines of a county or state. Fasken v. Fasken, Tex.Civ.App., 260 S.W. 698; Wrather v. Wrather, Tex.Civ.App., 154 S.W.2d 955; Patterson v. Wilson, Tex.Civ.App., 177 S.W.2d 1004, 1006; 46 C.J. 1255, 1247; Rallihan v. Motschmann, 179 Ky. 180, 200 S.W. 358; Steward v. Elliott, 113 Neb. 421, 203 N.W. 580, 581; Dickson v. McLaughlan, Tex.Civ.App., 69 S.W.2d 209, 210, writ ref. In Crawford v. Crawford, Tex.Civ.App., 197 S.W.2d 880, 882, the court said:

"Such right of control extends as much to the whereabouts of the child, that is as to where it shall be kept, inside or outside of Texas, as it does with reference to their property situated in Texas; because the court's jurisdiction over their persons gives it power to control their actions with reference to the State the child is kept in * * *"

The rule is that the best interest and welfare of the child governs the right to its custody. Such rule is generally applied in contests between the father and mother of the child. 39 Am.Jur. 612.

We know of no reason why, if the evidence indicates that such an order is beneficial to the child, the court may not order that the child not be removed from Eastland County without its consent. In the instant case, while the father was overseas in the army, the child was in the custody of its mother, who resided with her parents. After his return, about the time the divorce judgment was rendered and thereafter for about a year and a half, the child had been, by agreement of his parents, in the custody of his father, who resided with his father and mother in Eastland. There was evidence that the mother voluntarily gave the custody of the boy to his father. The mother now resides in the same county in the town of Cisco. Her present husband is employed in South Texas. The mother testified that her husband expects to be transferred to Eastland County. The father of the child is now attending school in Houston. The evidence indicates, and the trial court presumably concluded, that the child has been and is now in wholesome surroundings and that it would be best for him not to be removed therefrom without the court first being advised as to the situation which would surround him should he be moved to different environments.

"Wisdom, indeed, may dictate, as is in a measure recognized by certain of the later decisions, that parents displeased by the custody provisions of a divorce decree should not be encouraged unnecessarily to litigate anew in another state the right to custody, nor, under cover of allegations of a change in circumstances, be permitted to obtain the benefit of a merely different judicial opinion as to the proper custody, so as to present the spectacle of a shifting of custody back and forth in accordance with varying views as to the fitness and qualifications of the parents, to the preju-

dice of the child, the exhaustion of the financial resources of the parents, and the flouting of judicial authority * * *." Goldsmith v. Salkey, 131 Tex. 139, 112 S. W.2d 165, 116 A.L.R. 1306.

The judgment is affirmed.

On Motion for Rehearing.

 The Court inadvertently entered judgment charging appellants with all the costs incurred in the trial court. The judgment is therefore set aside and judgment now rendered adjudging the costs incurred in this court against appellants and affirming the judgment of the trial court. In all other respects the motion for rehearing is overruled.