IN RE APPLICATION OF HERMAN WALKER ET AL., FOR A WRIT OF HABEAS CORPUS.
HERMAN WALKER ET AL., APPELLEES, V. WALTER GEHRING ET AL., APPELLANTS.
109 N. W. 2d 724
Filed June 16, 1961. No. 34939.

*Leonard Dunker,* for appellants.

*Walker, Luckey & Hunter,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

SPENCER, J.

In this case Herman Walker and Margaret Walker, who will hereinafter be referred to as parents, seek the custody of their children, Helen E. Walker, John H. Walker, and Mary M. Walker, by habeas corpus against Walter Gehring, a resident of Columbus, Platte County, Nebraska.

At the time of trial, Helen E. Walker was 19 years of age; John H. Walker was 17 years of age; and Mary M. Walker was 14 years of age. The trial court found Helen E. Walker to be emancipated, and awarded immediate custody of the other two children, John H. Walker and Mary M. Walker, to the parents. Respondent, Walter Gehring, and the three children filed this appeal.

The bill of exceptions, of 1,119 pages exclusive of exhibits, details a fantastic tale of interference by outsiders to prevent the parents from directing or guiding the education and religious training of their children. It will serve no useful purpose to detail or summarize this testimony.

As we interpret the facts, we find that the parents are residents of Adams County, Colorado, where they have extensive land holdings. The children had been permitted to attend school in Columbus, Nebraska, on the

suggestion of a former minister who had a church at that place. This church was an unaffiliated one, recognizing no doctrine other than that taught by its minister. The parents fully supported the children in Columbus until they returned them to Colorado. Shortly after the parents returned the children to Colorado they disappeared, Mary from home, John from Randall Prep School at Denver, Colorado, and Helen from the Colorado State College at Greeley, Colorado.

If the testimony of the children is to be believed, they were concealed in two farm homes in Kansas and Oklahoma for several months. They further testified that they consulted with their attorney, Leonard Dunker, in Lincoln, Nebraska, sometime previous to March 19, 1960, and then returned to their hideout. Sometime in May 1960, they again came to Nebraska, going to the home of Walter Gehring in Columbus. On May 24, 1960, Walter Gehring filed a petition, together with the nominations of the three minors, in the county court of Platte County, for his appointment as their guardian. The parents were not served with process or notice of the hearing in this guardianship proceeding, but learned of it, and on June 8, 1960, the date set for hearing, filed objections to the jurisdiction of the court. These objections were sustained on the same day, and the guardianship action was dismissed. Walter Gehring filed an appeal bond June 27, 1960.

This habeas corpus action was filed in the district court for Platte County, Nebraska, on the 7th day of June, 1960. Service was obtained on Walter Gehring on the same date, which was 1 day prior to the filing of the objections in the guardianship proceeding in the county court. The children were actually taken into custody by the sheriff of Platte County on June 8, 1960.

Walter Gehring and the three minor children filed a motion for security for costs on June 22, 1960, and at that time arrangements were made with counsel for a trial of the cause on June 27. On June 23, 1960, Walter

Gehring and the three minor children filed a motion to strike certain portions of the petition. On June 27, 1960, Walter Gehring and the children filed a plea in abatement alleging that the issues and the parties in the guardianship action and the habeas corpus action were the same. The pleadings described above were all filed by Leonard Dunker for Walter Gehring and the three minor children as "THEIR ATTORNEY." On June 27, 1960, the court sustained the motion for security for costs and security was immediately deposited. The motion to strike was then argued and overruled. The plea in abatement was then heard, argued, and overruled.

Walter Gehring then filed his return in which he alleged that the children were residents and inhabitants of Platte County, Nebraska, and that they were voluntarily living in his home; and denied that he was exercising any restraint either on his own behalf or that of anyone else. This action was filed by the parents against Walter Gehring. His return would indicate that he made no claim to the custody of the children, and judgment should have been entered for the parents. It is to be noted, however, that Walter Gehring, in the "Statement of Case" in his brief filed in this court, states: "This is a civil law action by application for Writ of Habeas Corpus instituted by Herman Walker and Margaret Walker, father and mother of Helen E. Walker, daughter born November 11, 1940, John H. Walker, born November 1, 1942 and Mary M. Walker, born November 7, 1945, all minors now over 14 years of age, against Walter Gehring, a resident of Columbus, Platte County, Nebraska, *who had actual custody of said minor children, for the restoration of custody of said minors to plaintiffs (T3). Writs were also served upon the three minors.*" (Italics supplied.)

It is contended that the plea in abatement should have been sustained. With this we cannot agree. Ignoring other points, including the fact that the parents had

never been served with process in the guardianship proceeding, and no attempt was made to serve them, we have many times said that a guardian as such has no conclusive right to the custody of children. A case directly in point is In re Application of Thomsen, 1 Neb. (Unoff.) 751, 95 N. W. 805, which was a habeas corpus action by a parent against a guardian. This case called attention to what is now section 38-107, R. R. S. 1943, which provides that the parents are natural guardians for their children, and what is now section 38-108, R. R. S. 1943, which provides when the guardian shall have custody, and stated: "These provisions make it clear that the guardian appointed under section 2, chapter 34, Compiled Statutes is entitled to custody of the ward's person *only* in case the parents are both dead or both incompetent or unsuitable." (Italics supplied.) This case is cited with approval in later opinions, including Clarke v. Lyon, 82 Neb. 625, 118 N. W. 472, 20 L. R. A. N. S. 171, and Steward v. Elliott, 113 Neb. 421, 203 N. W. 580.

We find that the minors were residents of Colorado and not Nebraska at the time the guardianship proceedings were filed. We call attention to In re Guardianship of Peterson, 119 Neb. 511, 229 N. W. 885, in which we said: "The habitation or residence of a minor child, as contemplated by section 1577, Comp. St. 1922 (which is now section 38-102, R. R. S. 1943), is by operation of law determined and fixed by that of the parent legally entitled to the custody and control of said child, unless said parent has voluntarily surrendered such right."

The statute declares, and nature demands, that the right to custody of children be in the parents, unless the parents are unfit to perform the duties imposed by the relation of parent and child or have in some manner forfeited that right. Lung v. Frandsen, 155 Neb. 255, 51 N. W. 2d 623.

There is no allegation of unfitness of the parents or forfeiture by them in the return of the respondent, Walter Gehring. We fully agree with the trial court

that there is no proof in this record that the parents are unfit or unsuitable to have custody of their children, or that they have forfeited or voluntarily surrendered the custody or control of the children or abandoned them. The evidence is conclusive that the parents have at all times been ready, able, willing, and desirous of providing a proper home for the children and of providing for their education, care, training, and support.

The return of the respondent, Walter Gehring, states that the children are living in his home on a voluntary basis. Certainly his return does not attempt to show any right to custody, although his brief does state he had actual custody at the time the action was commenced. In any event, we call attention to the case of Tavlinsky v. Ringling Bros. Circus, 113 Neb. 632, 204 N. W. 388, where a minor child ran away from home and secured employment. In that case we said: "Parents have a right to the care, custody, service and companionship of their minor children, and, when they are wrongfully deprived thereof by another, they have a right of action therefor, even in a case where the child has sought the employment."

The parents at the time of the filing of the petition herein were clearly entitled to the immediate custody of their children. Walter Gehring was apparently claiming custody. A habeas corpus action was a proper remedy.

In In re Application of Reed, 152 Neb. 819, 43 N. W. 2d 161, we said habeas corpus may properly be used in custody cases, and such proceedings are governed by considerations of expediency and equity and should not be bound by technical rules of practice.

In Hanson v. Hanson, 150 Neb. 337, 34 N. W. 2d 388, we said in effect that after the court's jurisdiction has been invoked by a habeas corpus petition seeking custody of the child, the child is a ward of the court and its welfare lies in the hands of the court.

There can be no question but that the parents were en-

titled to the immediate custody of their children when this action was filed. We are completely in accord with the findings of the trial court in every particular. We therefore affirm the judgment of the trial court.

AFFIRMED.