IN RE GUARDIANSHIP OF TODD ALLEN LA VELLE, A MINOR. MARIE CLYMER ET AL., APPELLEES, V. GERALD D. LA VELLE, APPELLANT.

230 N. W. 2d 213

Filed June 5, 1975. No. 39775.

Barney & Carter, for appellant.

Ginsburg, Rosenberg, Ginsburg & Krivosha, R. P. Cathcart, and Ray Svehla, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, and BRODKEY, JJ.

PER CURIAM.

This is an appeal in the matter of the guardianship of a minor orphan. Appellant contests the jurisdiction of the county court of Polk County, Nebraska, to en-

tertain the guardianship proceeding. The county court and District Court affirmed the Polk County court jurisdiction. We affirm the judgment of the District Court.

Todd Allen La Velle was born on February 2, 1969. His mother passed away in 1971 and his father on May 17, 1973. The family home was in Polk, Polk County, Nebraska. After his mother's death Todd stayed with Mr. and Mrs. Robert Clymer days and with his father nights. Mrs. Clymer is the sister of Todd's father. They also live in Polk, Nebraska. Mr. and Mrs. Clymer were appointed guardians of Todd.

Following the death of Todd's father a married sister of Todd's, Connie Holsteen, took him to her home in another county with the understanding that she would return him to the home of Mr. and Mrs. Clymer. She failed to return him but filed a consent to act as his guardian in the Polk County court proceeding. She had been nominated as guardian by her brother Gerald La Velle who objected to the jurisdiction of the court.

The record further discloses that Todd's father left a last will and testament which has been admitted to probate and which contains a testamentary appointment of Mr. and Mrs. Clymer as guardians of Todd.

Section 38-102, R. R. S. 1943, provides that the guardian of a minor may be appointed by the county court of the county in which he is an inhabitant or resident. An "inhabitant" is one who resides actually and permanently in a given place and has his domicile there. See Black's Law Dictionary (4th Ed.), p. 921. "Domicile" is that place where a person has his true, fixed, and permanent home. See Black's Law Dictionary (4th Ed.), p. 572. See, also, Hanson v. Hanson, 150 Neb. 337, 34 N. W. 2d 388. It is evident that Todd's father was an inhabitant of Polk County and there maintained his residence and domicile.

The domicile of an unemancipated, legitimate infant is the same as that of the father and will be deemed to have continued the same until it is shown to have

been legally changed in circumstances warranting the change. See Hanson v. Hanson, *supra.* The habitation or residence of a minor child is, by operation of law, determined and fixed by that of the parent legally en-titled to the custody and control of the child unless the parent has voluntarily surrendered such right. See, In re Guardianship of Peterson, 119 Neb. 511, 229 N. W. 885; Walker v. Gehring, 172 Neb. 398, 109 N. W. 2d 724. The foregoing authorities establish that Todd was a resident and inhabitant of Polk County at the time of his father's death. None of the interested parties can be classified as "natural guardians" of Todd with author-ity to change his residence or domicile. "It is a well-settled general rule that an infant's domicile, upon the death of both parents, is ordinarily determined by the domicile at death of the last surviving parent, and re-mains the same until changed by operation of law or the proper act of a guardian." Annotation, Domicile - Or-phaned Infant, 32 A. L. R. 2d, § 2, p. 865. In this in-stance there was no change by operation of law or the proper act of a guardian.

The testamentary appointment of the Clymers as Todd's guardians cannot be ignored. Todd's father was obviously concerned for his welfare and was in the best position to act in Todd's best interests. He knew inti-mately both the Clymers and his daughter Connie Hol-steen. Section 38-112, R. R. S. 1943, provides for the ap-pointment of testamentary guardians by a surviving par-ent with all the powers of a guardian appointed by the court. It is generally held that such an appointment will be upheld unless the best interests of the child re-quire otherwise. See, 39 Am. Jur. 2d, Guardian and Ward, § 15, p. 19; Annotation, 67 A. L. R. 2d 803.

The lower courts found the Clymers to be fit and proper persons to become guardians of Todd and there is nothing in the record to indicate the contrary. We conclude that Todd remained a resident and inhabitant of Polk County; that the Polk County court had juris-

diction in this proceeding; and that the appointment of the Clymers as guardians was proper. The judgment of the District Court is affirmed.

AFFIRMED.

NEWTON, J., participating on briefs.