### HILBURN v. BLOUNT et al.

No. 5837.

Court of Civil Appeals of Texas. Amarillo.

Dec. 8, 1947.

Hay & Hudspeth, of Lubbock, for appellant.

Key & Kimmel, of Lubbock, for appellees.

PITTS, Chief Justice.

This is a habeas corpus proceeding instituted by Felix Lamar Hilburn against his former wife Margaret Edna Blount and her second husband George Weldon Blount to secure the custody of Felix Marshall Hilburn, a minor child born to the marriage of petitioner and respondent Margaret Edna Blount. Petitioner alleged that the said child had been previously awarded to him by judgment of a proper court at the time he was divorced from the said respondent but that the child was then being illegally held and restrained by respondents, who answered with a general denial and a plea of changed conditions since the former award was made and asserted that it would be for the best interest of the child that it be awarded to respondents.

The trial court heard the case without the aid of a jury, found that conditions had "materially changed" since the former award of the child was made and that it would be for the best interest of the child that it be then awarded to respondent Margaret Edna Blount, its mother, with the right of visitation of the child at reasonable times by petitioner, its father. The trial court also enjoined both parties from removing the child beyond the jurisdiction of the court. Petitioner immediately filed a motion for a supersedeas bond pending appeal which was overruled by the trial court. Over the protests of respondents and the Clerk of the District Court of Lubbock County and as a result of a hearing had on the issues raised, the trial court permitted petitioner to perfect an appeal to this Court on an affidavit of his inability to pay or to give security for the costs in the case and this appeal has been so perfected.

Petitioner predicates his appeal upon five points of error but properly sums them up as presenting only three principal issues, namely: (1) Whether or not the record reveals a change of conditions since the former award was made such as warranted a change of custody; (2) whether or not a change of custody would be for the best interest of the child; (3) whether or not the trial court abused its discretion in ordering a change of the child's custody.

 In a hearing such as this the best interest of the child is the paramount issue to be considered regardless of the wishes of the parents or what is best for them. Robinson v. Wampler, Tex.Civ. App., 202 S.W.2d 500, and authorities there cited.

The record reveals that petitioner and his first wife, respondent Margaret Edna

Blount, married on December 21, 1940, when she was only fourteen years of age and he was twenty-two years of age; that Felix Marshall, their only child, was born on August 27, 1942; that thereafter they discovered that they both had a venereal disease and on May 24, 1944, they were divorced by order of the District Court of Taylor County and the custody of the child was awarded to its mother but they were remarried on June 29, 1944; that soon thereafter petitioner enlisted in the army and was stationed at various places in our own country as well as spending a part of the time overseas; that on September 7, 1946, petitioner procured a divorce from his then wife in Lubbock County, by order of the trial judge who heard this case, on the grounds of unfaithfulness on the part of the said wife, respondent Margaret Edna Blount, who waived service and admitted the alleged charges; that the custody of the child was then awarded to petitioner by order of the same court that heard this case with the right of visitation by its mother; that both parties subsequently married; that petitioner and his second wife lived in separate quarters in the same house with his parents in Crowell, Foard County, Texas, and respondents lived in an apartment at what is known as Veterans' Village, temporary housing quarters for ex-servicemen that was formerly occupied by Lubbock Army Air Field some eight or ten miles from Lubbock; that on May 28, 1947, respondents took the child with the permission of petitioner to Lubbock to visit with them for a short time and refused to return it to petitioner which resulted in the filing of this suit.

At the suggestion of the trial court, counsel for both parties presented to it proposed lengthy findings and conclusions for its official approval but the trial court made and found its own findings and conclusions, some of which do not appear to us to be material. But in its judgment and in its findings the trial court found that both parents of the child were suitable persons to have its custody but the court further found that the child's mother was best fitted to have its custody. The trial court likewise made further findings to the effect that conditions had changed materially since the child had been previously awarded to petitioner.

The rule is well established in such cases as this that the party who pleads changed conditions since the last award was made has the burden of proving such by a preponderance of the evidence to the satisfaction of the trier of facts. When there is evidence of probative force to support the findings of the trier of facts to the effect that conditions have so materially changed since the last award of the child was made that it will be for the best interest of the child to change its custody, such is binding on the parties and on this Court. Sawyer v. Bezner, Tex.Civ.App., 204 S.W.2d 19, and authorities there cited. The last authority cited likewise holds that the awarding of the custody of a minor child in such a case is addressed to the sound discretion of the trial court and will not be disturbed on appeal unless the awarding is so contrary to the great preponderance of the evidence as to show an abuse of discretion.

On the question of changed conditions, both parties introduced ample testimony of probative force to support findings made for either of their respective claims. However, to test the sufficiency of the evidence to determine if it will support the findings of the trial court, we must give credence only to the evidence and circumstances favorable to the findings and disregard all evidence and circumstances to the contrary. Boston Ins. Co. v. Rainwater, Tex.Civ.App., 197 S.W. 2d 118, and authorities there cited. Every reasonable presumption will be indulged in favor of the trial court's finding. Barrick v. David, Tex.Civ.App., 204 S.W.2d 520, and authorities there cited.

Respondent Margaret Edna Blount frankly admitted her bad conduct in former years beginning when she was a mere child and she did not attempt to avert or avoid telling of her former misdeeds under a rigid cross-examination. However she had related them frankly on direct examination. But she insisted in effect that she had finally "grown up" so to speak, had been living for some time the life of

a reputable citizen, was a proper and suitable person to have the care and custody of her child and it would be for its best interest to be awarded to her. Several disinterested witnesses including her minister, a former juvenile probation officer who had known her well for several years, and a number of her neighbors testified corroborating her testimony. In view of the record it is quite evident that the trial judge who made the former award of the child and who knew the past record of its mother would not have changed the award of the child and given it to its mother at this hearing unless he was quite certain, as a result of the evidence heard, that she had reformed and that it would be for the best interest of the child to make such a change of its custody. The evidence is amply sufficient to support the trial court's findings and it is our opinion that it did not abuse its discretion in changing the custody of the child.

■ Petitioner complains that the respondents' pleadings do not support the judgment of the trial court. However respondents were cited to show cause why they were holding the custody of the child and they were therefore brought into court on the pleadings of petitioner, yet the record reveals that they pleaded fully and sufficiently to support the judgment of the trial court in their answer to petitioner's application for a writ of habeas corpus. But, be that as it may, it has been many times held that in such cases the trial court should not permit technicalities to have a controlling effect but that broad equitable powers should be exercised in determining what would be for the best interest of the child. Brillhart v. Brillhart, Tex.Civ.App., 176 S.W. 2d 229, and authorities there cited.

■ Petitioner also charges that the trial court erroneously heard and considered evidence concerning events that happened prior to the former award of the child. The record reveals that each party pleaded matters that transpired prior to the former award of the child and that each party, over the objection of the other, introduced some such evidence but the trial court admitted it and limited such

to the matter of showing that the conditions that formerly existed had subsequently changed. Under the authorities hereinabove cited it has been held that the presumption is that the trial court did not consider any improper evidence in arriving at a proper judgment if any such evidence was admitted. It will likewise be presumed in such cases that the trial judge endeavored to award the custody of the child to the person best fitted to care for it and its judgment must be construed fairly and in an effort to harmonize it with the facts and the law in the case. Sawyer v. Bezner, supra.

Petitioner charges that the trial court "inadvertently and unconsciously" permitted itself to become biased against petitioner and partial to respondents but we do not find such a charge supported by the record.

A careful examination of the record reveals that there is sufficient evidence to support the disposition made by the trial court of the three controlling issues presented by petitioner in his brief. His points of error to the contrary are all therefore overruled and the judgment of the trial court is affirmed.