**KELLY et al. v. APPLEWHITE.**

No. 6046.

Court of Civil Appeals of Texas. Amarillo.

April 17, 1950.

Rehearing Denied May 22, 1950.

Joe S. Moss, Post, for appellants.

Truett Smith, Tahoka, for appellee.

PITTS, Chief Justice.

This case involves the custody of two minor children whose parents had been divorced, each had married again and each was seeking full custody of the children through separate suits filed in different states. By reason of the nature of the case, a comprehensive statement of the background should be here made. The record reveals that J. K. Applewhite, Jr. and his former wife, whose maiden name was Doris L. Lawler, grew up in Tahoka, Lynn County, Texas, where they were later married on May 22, 1939. Two children were born to the marriage, namely, J. K. Applewhite, III, a boy nine years old and Sherron Lynn, a girl eight years old. After the separation of the parents a divorce was granted to the father of the children by the District Court of Lynn County, Texas, in cause number 1759 on May 19, 1947, but the custody of the children was awarded to their mother without any contest about the matter. Thereafter on August 31, 1947, the paternal grandparents, J. K. Applewhite, Sr. and wife, Beulah Applewhite, who likewise lived in Tahoka, Lynn County, Texas, filed a suit against the mother of the children in cause number 1777 of the Lynn County District Court seeking custody of the said children. J. K. Applewhite, Jr. intervened in the said suit. On November 5, 1947, an agreed judgment was entered in that suit denying any relief to J. K. Applewhite, Sr. and wife Beulah Applewhite, and awarding custody of the children to their father from September 1 of each year until June 1 of the following year and to their mother during the summer months of June, July and August of each year with proper provisions made for their support. The parties to this action and their respective counsel at that time approved that judgment as did the trial court. In the meantime J. K. Applewhite, Jr. married again and his second wife, known in the record

here as Geraldine Applewhite, had a six year old daughter by a former marriage. The two children whose custody is here being contested lived agreeably with their father, his second wife and her six year old daughter in Tahoka, Texas, during the time they were awarded to their father. The said children lived with their mother in the State of California during the summer months of 1948 and 1949. On November 13, 1948, the said children's mother married Thomas P. Kelly, Jr. and they established a home in Los Angeles, California. By agreement of the parents the children were delivered by their father to their mother on May 20, 1949, to reside with her during the summer. On July 27, 1949, while she had legal custody of the children under the order of the Lynn County, Texas, court, the mother of the said children, known in the record here as Doris L. Kelly, joined by her second husband, Thomas P. Kelly, filed suit against J. K. Applewhite, Jr. in the Superior Court of Los Angeles, California, seeking full custody of the children. J. K. Applewhite, Jr. received notice about the filing of the said suit in California and he personally took possession and custody of the children on August 19, 1949, while they were playing near their mother's home and returned with them to Tahoka, Texas, where he has since held their custody. On August 27, 1949, J. K. Applewhite, Jr, filed this suit against Doris L. Kelly, joined therein by her husband, Thomas P. Kelly, in cause number 1869, Lynn County, Texas, District Court, alleging changed conditions since the last award was made and seeking full custody of the said children and seeking also a restraining order to prevent the removal of the children from the State of Texas. Doris L. Kelly and her husband, Thomas P. Kelly, hereafter referred to as appellants, filed an answer to the Texas suit in which they challenged the jurisdiction of the Texas court because of the lack of other parties and further because of the suit pending in California. Subject to their plea to the jurisdiction they joined issues with J. K. Applewhite, Jr., hereafter referred to as appellee. Appellants likewise filed a motion or a complaint in cause number 1777 against appellee charging him of being guilty of contempt of court because of his taking custody of the children before September 1, 1949, in violation of the trial court's order in the said cause in which the last award of the children had been made.

Without objections of the parties the trial court on September 29, 1949, consolidated the contempt proceeding with the coustody hearing and heard them together without a jury. At the conclusion of the hearing the trial court took under advisement the issues raised. Judgment was rendered on December 12, 1949, awarding full custody of the children to appellee, their father, with visiting privileges given their mother, Doris L. Kelly, at reasonable times and she was likewise restrained by injunction from removing or attempting to remove the said children from the State of Texas. The trial court likewise found that appellee was not guilty of contempt by reason of any violation of the court's former order. Appellants perfected their appeal to this court and predicate the same upon eight points of error.

■ Appellants charge error and challenge the jurisdiction of the trial court because of the failure of appellee to make his parents, J. K. Applewhite, Sr. and wife, Beulah Applewhite, parties to this suit. They contend that inasmuch as appellee's parents were plaintiffs to the suit in cause number 1777 wherein the last award was made of the children in question on November 5, 1947, they must be made parties to this action. We overrule appellants' contentions since the agreed judgment entered on November 5, 1947, expressly denied and refused all relief there prayed for by appellee's parents in that action. J. K. Applewhite, Sr. and wife, Beulah Applewhite, had no interest in the former judgment and their interest could not be here affected. They are not therefore necessary parties to this action. Mrs. Beulah Applewhite was present and testified in this action and the record reveals that her husband was ill at home. If appellants wanted them made parties to this action, they could have impleaded them and made them such parties.

Appellants attack the trial court's judgment on the grounds that it was without jurisdiction to change custody of the children because a prior suit was filed and was still pending in a court of competent jurisdiction in the State of California between the same parties and seeking the same relief as that sought in the case at bar. While the record here shows that appellee had notice of the filing of the suit in California, there is no showing that appellee was ever served with process in the California suit. The record reveals that no orders of any nature had been entered by the court in California.

In the case of Evans v. Evans, Tex.Civ. App., 186 S.W.2d 277, 279, the court said: "Abatement is a matter of right and the general rule is that, 'the pendency of a prior suit in one state cannot be pleaded in abatement or in bar to a subsequent suit in another state, even though both suits are between the same parties and upon the same cause of action.'"

The court likewise said in the case of Cohen v. Cohen, Tex.Civ.App., 194 S.W.2d 273, 276, that: "The general rule is that the mere pendency of such a suit in one state will not be grounds for abating a suit in another state between the same parties and involving the same subject matter."

In the case of Wicks v. Cox, 146 Tex. 489, 208 S.W.2d 876, 4 A.L.R.2d 1, the Supreme Court held that the principle underlying jurisdiction of the subject matter in child custody cases is the welfare of society, primarily as evidenced by the welfare of the child, but involving also the right and duty of a state to look after the welfare of individuals within its borders. The court further held that ordinarily courts of domiciliary state are in better position to pass intelligently on the matter of a child's welfare in a child custody case. In the case at bar the parents of the children were reared in Tahoka, Texas, attended school there, married there, made their home there and near there after their marriage until the separation. The children had lived there most of their lives. The relatives and friends of the family lived there. Appellee, the children's father, still resided in Tahoka. All of the former litigation between the parties herein mentioned was heard in Tahoka, Texas, before the same trial judge who heard this action, while all of the parties, insofar as the record here reveals, were strangers to the courts of the State of California and none of them had more than a limited acquaintance generally in that State. Appellants had lived at various places in that State for only a few years and appellee had never resided in that State. It may be observed that the District Court of Lynn County, Texas, had original jurisdiction over the children in question. If such jurisdiction had been lost by reason of their temporary stay with their mother in California, such jurisdiction had been reestablished by their return to Texas. In passing on the issues here raised we should bear in mind the foregoing facts, together with the fact that the children, their parents, grandparents, both paternal and maternal, friends of the families on both sides were all present for this hearing together with able counsel representing all parties. All of the necessary parties were before the trial court for this hearing and a full hearing was given all parties by a trial judge who was already familiar with some of the conditions and circumstances because of the prior appearances of the same parties before him concerning the welfare of the same children. Bearing in mind these facts, conditions and circumstances the rules may be invoked that were recently enunciated by the Supreme Court in the child custody case of Worden v. Worden, Tex.Sup., 224 S.W.2d 187, 190, as follows: "Whether our courts have and will exercise jurisdiction depends in part upon domicile and also upon broader considerations, including among other things the physical presence before the court of the child and the contesting parties, and the general situation affecting the ability of the court to form an intelligent judgment on what will be best for the child's welfare. Here the facts show that the child and both parents were before the court; the husband is still a Texas domiciliary; most of the relevant facts occurred in Dallas, where the domicile of all of the parties had been until only a few months before the trial, and apparently all important witnesses actually were

present and testified. Under these facts we think that the Texas court was in a better position to pass intelligently on the matter of the child's welfare than the courts of Virginia, and therefore that the Texas court had jurisdiction to award custody."

Applying the foregoing rules of law to the facts presented here we overrule appellants' challenge of the trial court's jurisdiction.

■ Appellants charge that appellee failed to establish a change of conditions since the last award of the children was made on November 5, 1947. The trial court, at the request of appellants, made findings and supported its judgment with conclusions based upon the findings made. Appellants do not except to or assail the trial court's findings other than to present assignments of error which are contrary to the said findings. The trial court found that conditions had changed since the last award of the children was made on November 5, 1947. It further found that according to the evidence concerning the surrounding circumstances, the character and fitness of the parties, the best interest of the children would be served by awarding full time custody of them to their father. It must be presumed that the trial judge endeavored to award the children to the parent best fitted to care for them and his judgment must be construed fairly in an effort to harmonize it with the facts and the law. The rule is well established that the matter of awarding custody of minor children in a case such as this is addressed to the sound discretion of the trial court and its judgment will not be disturbed on appeal unless the award is so contrary to the great preponderance of the evidence as to show an abuse of discretion. Mahaffey v. Mahaffey, Tex.Civ.App., 219 S.W.2d 519, and other authorities there cited. In testing the sufficiency of the evidence to determine if it will support the findings of the trial court, we must give credence only to the evidence and circumstances favorable to the findings and disregard all of the evidence and circumstances to the contrary. Every reasonable presumption will be indulged in favor of the trial court's findings. Hilburn v. Blount, Tex.Civ.App., 206 S.W.2d 878, and

other authorities there cited. The best interest of the children is the paramount issue in a child custody case. The desires or best interest of a parent is not controlling when such conflicts with the best interest of the children. Thompson v. Haney, Tex. Civ.App., 191 S.W.2d 491; Murphey v. Walker, Tex.Civ.App., 209 S.W.2d 371, and other authorities cited in these cases.

■ It was admitted that appellant, Doris L. Kelly, had lived at Demming, New Mexico, and six different places in California since the last award was made of the children on November 5, 1947; that she had never lived longer than seven months at any one place and on more than one occasion she had only a mailing address and no permanent residence; that she had been married to Thomas P. Kelly ten months at the time of the hearing in this action, during which time they had lived seven months in one place in a large city and three months at their then place of residence in the same city where they occupied rented premises; that she had kept the children in California the two summers she had their custody and that she did not intend to surrender them to appellee without a new court order in the summer of 1949 had appellee not taken them without her knowledge or consent; that she intended to take the children back to California for whatever time they may be awarded to her as a result of this hearing whether it be for part time or for full time custody. The foregoing admitted facts established changed conditions such as justified the trial court's judgment in this case according to the rules of law enunciated by this court in the case of Conley v. St. Jacques, Tex.Civ.App., 110 S.W.2d 1238, writ dismissed. In that case the divorced mother of a child had remarried and established her residence in the State of Arkansas and admitted that she would remove the child from Texas if it should be awarded to her. This court held that such facts alone constituted changed conditions sufficient to grant a change of custody of the child and that the trial court did not abuse its discretion in making such a change. But the facts here are even stronger. It was admitted by stipulation that appellee and his wife, Geraldine Ap-

plewhite, bore good reputations for being peaceful, law-abiding citizens and that they provided a good home and proper living conditions for the children during the time they had them and that the home of the said parties was a suitable home for the children. The trial court also found such to be true and further found that school advantages and religious training were being provided for the children by appellee and his wife, Geraldine Applewhite, while religious training was not satisfactorily provided for the children during the time they were with their mother. The trial court further found that the reputation of Doris L. Kelly where she had lived in Texas immediately before moving away for being a peaceable, law-abiding, sober citizen and for being a dutiful and faithful mother was bad and the record shows that several witnesses who had known her since she was a child so testified. The trial court further found that her reputation in the places where she had resided since she left Texas was unknown to the court but that she had been employed where intoxicants and food were sold and served. The evidence reveals that Doris L. Kelly had been more or less a transient person most of the time since leaving Texas and had not lived in one place long enough to establish a reputation.

Applying the well known rules of law to the facts found to be true in this case and supported by the evidence, the trial court did not abuse its discretion in awarding full time custody of the children to appellee. Appellants' points to the contrary are overruled.

■ Appellants further conplain because the trial court admitted evidence concerning the reputation of Doris L. Kelly prior to the time the last award was made. It had been less than two years since the last award of the children had been made and a little more than two years since the divorce had been granted and the first award had been made. The record reveals that Doris L. Kelly was about 28 years of age at the time of the trial; that most of the witnesses who testified about her reputation were former neighbors and had known her since she was a child and until she left Texas some two years prior to the hearing of this action. She had moved beyond the jurisdiction of the court, since which time she had been more or less a transient person most of the time and had not lived long enough in one place to establish a reputation. It has been held that the question of whether or not such evidence should be excluded under such circumstances is discretionary with the trial court and that the lapse of time under such circumstances goes to the weight and not the admissibility of the evidence. Justice Fly writing for the San Antonio Court of Civil Appeals in a child custody case, Clark v. Hendricks, 164 S.W. 57, held that where the only reputation plaintiff had in any particular locality was formed in a certain county, evidence of his reputation there four or five years before trial was not incompetent, especially where there was nothing to indicate that his reputation had since changed for the better; the time elapsing since witnesses knew him there only going to the weight of their evidence and not to the admissibility of such. In support of such a rule we also cite 17 Tex.Jur. 434, Section 159, and the numerous authorities there cited. Applying these rules of law to the facts here presented, it is our opinion that the trial court did not abuse its discretion in admitting the testimony about which appellants here complain.

■ Appellants charge that the trial court erred in talking to the children involved in this litigation privately in his chambers and in the absence of the parties without having the children sworn to give testimony and without giving appellants an opportunity to cross-examine them. According to the record the children were not offered as witnesses by either party but the record reveals that counsel for both parties agreed in open court that the trial court may talk privately with the said children. The trial judge asked counsel if they wanted to be present while he talked with the children and counsel for both parties answered in the negative. The trial judge said he wanted the court reporter to make a record of his private conference with the said children and such was done as he talk-

ed with them privately apparently each in the presence of the other. A record of that conference was included in the statement of facts and is before us.

In the case of Penn v. Abell, 173 S.W.2d 483, 488, the El Paso Court of Civil Appeals said: "In the absence of consent of the parties or over their objection, we express no opinion as to the propriety of such private interviews or conferences in custody proceedings."

The court further said in connection with such a practice that: "We have no doubt that appellants, having consented to these ex parte interviews and conferences, cannot complain of weight given to relevant information acquired through them."

We agree with the holding of the court there made in that case; however, an examination of the record of such a private conference reveals that caution was exercised by the trial judge and no material information was obtained other than such as corroborated sworn testimony otherwise heard. At any rate, no reversible error is shown and we overrule appellants' point to the contrary.

We are not in accord with appellants' contention that the trial court erred in prohibiting the mother by an injunction from taking the children out of the State of Texas under the facts and circumstances here presented. Duncan v. Duncan, Tex.Civ.App., 197 S.W.2d 229. Neither do we agree that the trial court erred in its refusal to hold appellee in contempt of court because he removed the children from the custody of their mother on August 19, 1949, without her knowledge or consent. Such a matter was discretionary with the trial court which found that the children were taken by appellee in accordance with a previous agreement made between the parents. This issue was a disputed fact but the trial court found against appellants' contentions in the matter and there is sufficient evidence to support such a finding.

Appellants insist generally that the mother should have at least part time custody of the children. Courts have often held that the best interest of children of tender years will be served by awarding their custody to their mother as against their father unless good reason exists why she should not have their custody. It has been many times held that a trial court has broad discretionary powers in awarding the custody of minor children as between their divorced parents. Brillhart v. Brillhart, Tex.Civ. App., 176 S.W.2d 229. It is possible however for a mother in a case such as this to forfeit her legal right to have custody of her minor children even for a part of the time. For good reasons shown to the satisfaction of the trial court, it has denied the mother of these children the right to have their custody even for a part of the time and it is our opinion that the trial court did not abuse its discretion in the matter.

A bad situation was created for these children when their parents became separated, divorced and started litigation in separate states for their full custody or at least part time custody. This court held recently in a child custody case, Dunn v. Dunn, 217 S.W.2d 124, 126, that: "While, under the holdings of some of our courts, a division of the custody of children in such cases is permissible, it should never be done except under special conditions in which there is no reasonable alternative and it is made essential and absolutely necessary."

When the custody of minor children is divided between divorced parents, they too often become embroiled in further litigation about the matter and the children usually suffer eventually more than the litigants.

A careful examination of the record in this case and the assignments of error presented reveals no reversible error. Appellants' points of error to the contrary are all overruled and the judgment of the trial court is affirmed.