**WHITE et al. v. LOBSTEIN.**

No. 2922.

Court of Civil Appeals of Texas. Eastland.

Feb. 22, 1952.

W. K. Boyd, Jr., Coleman, for appellants.

H. O. Woodward, Coleman, for appellee.

GRISSOM, Chief Justice.

On January 16, 1950, Reba Lobstein obtained a divorce from Cecil Lobstein. She was awarded custody of their six weeks old son but it was further ordered that she keep the residence of the child in either Coleman or Brown County, and that the residence of said child should not be removed therefrom without the prior approval and order of the court. In May, 1951, Mrs. Lobstein, then Mrs. White, filed an application for the removal of the restrictions as to the residence of her child. She alleged she was married to Herman E. White and they resided in Portland, Nueces County; that she had a suitable place for said child there; that she had ample funds to properly care for him and that it would be to the child's best interest. The father denied said allegations and asked that custody be awarded to him. He alleged that custody of their son had been voluntarily given to him by his former wife some fifteen months before said proceeding, when the child was about four months old; that the child had remained in his custody for fifteen months, except when the mother had the son for visits;

954

that when the mother returned the son to him the child was sick and by virtue of the father's care, the child is now in excellent health and being properly cared for; that the mother had abandoned the child and its custody when she returned it to him and the welfare of the child would be best served by awarding custody to the father.

Upon a hearing, the court refused to make any changes in the order and the mother has appealed.

Appellant's only point is that the court erred in refusing to remove the restriction on the residence of the child, because she has his sole custody but is not permitted to take him to her home in Nueces County, thereby placing an unreasonable hardship on the mother, and such refusal constituted an abuse of discretion.

■ Without going into detail, there is evidence from which the court could have concluded that appellants had not remained long in any employment, nor at any place, and that they would probably continue to so live. The parents of Mrs. White and appellee's mother reside in said Counties. The doctor to whom the child was taken when he was returned by the mother to the father resides there. The child has lived most of its life there. It is undisputed that while it has been there it has been healthy and has been properly cared for. The trial judge may have properly concluded from all the evidence that as long as the boy remained in said counties it would be properly cared for and that the best interest of the child required that its residence be so restricted. If it is better for the child to reside in said counties, the fact that said restriction places a hardship on the mother is not controlling.

■ Art. 4639, Vernon's Ann.Civ.St. provides that the court shall have power in divorce cases to give the custody and education of the children to either the father or the mother as the court shall deem right and make any other order that the safety and well being of the child may require. It has been held by this and other courts that the court may restrict the residence of the child when it is to the child's best interest. Lasater v. Bagley, Tex.Civ.

App., 217 S.W.2d 687, 690, R.N.R.E.; Kelly v. Applewhite, Tex.Civ.App., 231 S.W. 2d 974, 980; Crawford v. Crawford, Tex. Civ.App., 197 S.W.2d 880, 882; Patterson v. Wilson, Tex.Civ.App., 177 S.W.2d 1004. Having entered such an order, the court was not required to change it unless the evidence compelled the conclusion that, under the changed conditions, the child's interest would be better served by the change. The burden to show this was on appellants. No abuse of discretion is shown.

The judgment is affirmed.