EX PARTE BETTY RHODES

No. A-8552.  Decided December 6, 1961
Rehearing Denied January 10, 1962
352 S.W. 2d 249

32

MR. JUSTICE GRIFFIN, dissenting.

*Dibrell, Gardner & Dotson,* San Antonio, *Fred V. Klingeman,* Karnes City, for relator.

*Ronald Smallwood,* Karnes City, for respondent.

MR. JUSTICE GREENHILL delivered the opinion of the Court.

In this habeas corpus proceeding, the question is whether a district judge has the power, in a divorce decree, to provide that the infant child of the marriage shall remain within the county and that the residence of the child shall not be moved from the county without an order of the court. Because of the violation of such an order, Betty Rhodes was adjudged to be in contempt of court. She seeks relief from this Court.

The pertinent facts are these: Betty Rhodes was formerly married to Edgar Sherrill, Jr. They and their parents lived in Karnes County, Texas. In 1954, Betty sued Edgar Sherrill for divorce and sought custody of their only child, a daughter then two years of age. The suit was uncontested. The divorce decree awarded exclusive custody of the child to Betty, the mother. While the judgment had no specific provisions as to the days and hours of visitation, Edgar Sherrill was given the right to visit the child at all reasonable times and places. The judgment then stated:

"It further appearing to the court that the best interest of said child will be served if she resides in Karnes County, Texas, where plaintiff and defendant reside and where the four grand-parents of said child reside; it is ordered, adjudged, and decreed by the court that said child shall *reside within Karnes County, Texas,* and that plaintiff *not* move said child's residence from within Karnes County, Texas, without first *making written application to this court,* and after hearing by the court of all parties concerned, and an order being made by the court allowing plaintiff to move said child's residence from within Karnes County, Texas." (Emphasis added.)

There was no appeal from the judgment, and it became final. It has not been modified.

In 1960, Betty married Barry Rhodes. They moved from Karnes County to the City of Bryan in Brazos County, Texas, in February, 1961. The child remained in Karnes County with her maternal grandparents. In May, 1961, however, Betty's father, at her request, brought the child from Karnes County to her in Brazos County.

The father of the child, Edgar Sherrill, Jr., was dissatisfied with his reception at the home of Betty and Barry Rhodes when he went to visit his daughter. He considered that his rights of visitation had been unduly curtailed. He thereupon brought suit in Karnes County seeking: (1) the return of the child to Karnes County; (2) punishment, by contempt proceedings, of Betty and her father for violating the terms of the custody provisions of the divorce decree; and (3) a change in the terms of the judgment as to custody of the child. He sought particularly to have his days and hours of visitation made definite.

All parties thereafter appeared in the district court of Karnes County. Betty and her second husband, Barry Rhodes, filed a plea of privilege to be sued in the county of their residence, Brazos County. As to the visitation matters, the court sustained the plea of privilege; and that portion of the case was ordered to be transferred to Brazos County. That feature of the case is not now before us.

The district court of Karnes County, however, did adjudge Betty Rhodes to be in contempt for willfully and knowingly violating the order of the court, and ordered her to jail for 12 hours and until she should purge herself of the contempt. She here contends that the district court was without power to restrict the

residence of the child to Karnes County and was without power to decree that such residence should not be removed without an order of the court.

When counsel for Betty Rhodes made application for leave to file the application for writ of habeas corpus in this Court, several members of the Court doubted the power of the district court to impose such restrictions in the divorce decree. It was forcefully argued that such provisions, in effect, prohibit the wife from remarrying and moving, or from seeking gainful employment in another county without the consent of the district judge, and that this deprived her of her liberty without due process of law. While the decree does not prevent Betty Rhodes from remarrying or moving whenever or wherever she pleases, it does require her to obtain the consent of the court to move if she desires to take the child with her. She has not been denied consent to move and take the child with her. She did not ask the court's permission to change the child's residence to Brazos County. Her contention is that the court was without power to impose such a condition in the decree.

■ We find that the question has been heretofore answered in Texas. For this Court to order the release of Betty Rhodes, the order of the district court must be absolutely void. It is not enough that the order of the court be erroneous. The order must have been beyond the power of the court to enter. *Ex parte La Rocca,* 154 Texas 618, 282 S.W. 2d 700 (1955); *Ex parte Tyler,* 152 Texas 602, 261 S.W. 2d 833 (1953).

The question of the power of the district court to restrict the residence of a minor child to the state and to the jurisdiction of the court has been resolved in the affirmative on several occasions. One of the earliest decisions was *Ex parte Ellerd* by the Texas Court of Criminal Appeals, 158 S.W. 1145. That court upheld contempt proceedings which, among other things, enforced a divorce decree which directed that the minor child be maintained in Plainview, Hale County, Texas.

In 1949, the Court of Civil Appeals at Eastland upheld a custody decree which directed that the child be not removed from Eastland County, Texas. *Lasater v. Bagley,* 217 S.W. 2d 687 (writ refused, n.r.e.). Thereafter, in 1951, in *McAnnally v. McAnnally,* 239 S.W. 2d 154, the same Court of Civil Appeals upheld a decree of a district court which directed that the child be not removed from Texas or from the jurisdiction of the court.

Upon further appeal, this court "refused" the application for writ of error, thus approving the ruling by the Court of Civil Appeals.

■ There are other opinions by the Texas Courts of Civil Appeals to this same effect: *White v. Lobstein*, 246 S.W. 2d 953 (1052, no writ) where the residence of the child was restricted to Coleman or Brown Counties, Texas; and *Fasken v. Fasken*, 260 S.W. 698 (1924, no writ) where the residence of the child was restricted to Midland County, Texas. We have been cited to no Texas appellate opinion, and we have found none, which holds to the contrary. The rule set out above is recognized outside of Texas. Annotation, 154 A.L.R. 552; 2 Nelson, *Divorce and Annulment*, Sec. 15.20, p. 198 (2nd ed.).

We therefore hold that the court had the power to direct that the child's residence should not be removed from Karnes County.

■ Counsel for Betty Rhodes also attacks that portion of the divorce decree which requires "an order being made by the court allowing plaintiff to move said child's residence" because it is an attempt, on behalf of this particular court, to retain continuing and exclusive jurisdiction of the question of custody. Many states, by statute, have given the trial court continuing and exclusive jurisdiction of custody. 27B C.J.S. 424, Divorce Sec. 303. However, this Court held in *Lakey v. McCarroll*, 134 Texas 191, 134 S.W. 2d 1016 (1940), that an action to modify or change custody is an independent action and that the court which granted the divorce and first awarded custody did *not* retain exclusive, continuing jurisdiction of custody. It was held that the defendant in such a suit was entitled to have venue of such an action removed to the county of his residence. If, therefore, the decree in question means that only the district court in Karnes County could thereafter pass upon change of custody of the child, it was ineffective.

We really do not have the question here as to whether the district court in Karnes County has attempted to exercise exclusive and continuing jurisdiction. If, for example, the father had moved to Dallas, Dallas County; and the wife had moved to Bryan, Brazos County, and the wife brought suit there on the right to remove the child from Karnes County, and the husband had attempted to move the case to Karnes County on the ground that only *that* court could pass upon removal from Karnes County, we would have the question squarely presented. Or if the wife had brought suit in Bryan, Brazos County, to remove the restriction against the removal of the child from Karnes County,

and the father had remained in Karnes County, the point might have arisen. But Betty Rhodes did not attempt to get the decree of the court sitting in Karnes County modified in any district court.

■ While we have held that the restrictive residence provision of the custody decree was not void, it is one of an extreme nature. It may drastically affect the freedom of decision of the custodian of the child as to what is best for the child. And, as pointed out by counsel for Betty Rhodes, if request for removal to another county is denied, it may materially restrict the right of a citizen (who would not move without her child) to change the place of his or her residence. If permission to move were denied, she would be in a better position to assert that she was deprived of her liberty without due process. We express no opinion on that matter. In any event, the appellate court will look with care to see whether there has been an abuse of discretion on the part of the court which denies permission to remove the residence of the child to that of the new residence of the person having been adjudged the proper person to be the custodian of the child. By citing *White v. Lobstein,* 246 S.W. 2d 953, we are not to be understood as approving the decision that there was no abuse of discretion in refusing to grant consent for the removal of the child to the residence of the custodian. That case did not reach this Court.

Betty Rhodes is remanded to the custody of the sheriff of Karnes County.

Opinion delivered December 6, 1961.

ASSOCIATE JUSTICE GRIFFIN dissenting.