.Franklin **HOLLESTELLE** and Jean Hollestelle, Appellants,

v.

Shirley **HOLLESTELLE**, Appellee.

No. 7258.

Court of Civil Appeals of Texas.

Amarillo.

April 15, 1963.

Rehearing Denied June 10, 1963.

Clayton, Martin & Harris, Amarillo, for appellants.

Kolander, Moser & Templeton, Amarillo, for appellee.

CHAPMAN, Justice.

This is an appeal from a judgment based upon a jury verdict in a case involving a change of child custody. There is no statement of facts in the case, the transcript being the only record before us from the lower court.

The appeal is based upon three points, the first of which is that the jury's answers to Special Issues I and II are in irreconcilable

conflict and will not support the judgment of the court. Special Issue No. I is as follows:

"Do you find, from a preponderance of the evidence that there has been a material change of conditions since the entry of the divorce decree of May 1, 1961?"

The court gave the following instructions in connection with Special Issue No. I:

"In connection with the foregoing Special Issue, you are instructed that by the term "material change of conditions", means any change in circumstances or conditions as affecting said children or either their father or mother, which, looking to the best interests of said children, would make it advisable to alter or change the May 1, 1961 decree with reference to the custody of said children. You are charged that the change is to be a positive improvement for the children.

"You are instructed that the burden of proof is on the Plaintiff, Franklin Hollestelle, to prove that since the judgment of divorce May 1, 1961 conditions have so changed as to render the mother an improper custodian, and that the welfare of the children demands a change.

"If you have answered the foregoing Special Issue No. I "Yes", then you will answer the following Special Issue No. II."

Special Issue No. II is as follows:

"Considering only the best interest of said children, which of the parties, to-wit: Franklin Hollestelle, or Shirley Hollestelle, from the preponderance of the evidence, should be given the custody of the children involved in this cause."

To Special Issue No. I the jury answered "Yes", thus finding there had been a material change of conditions since the entry of the divorce decree between the parties, in which decree the pleadings show appellee had been awarded custody of their three minor children then in existence.[1]

In response to Special Issue No. II the jury answered it was to the best interests of the children that Shirley Hollestelle be given the custody of the children despite the fact that in the preceding issue they had found there had been a material change of conditions since the entry of the divorce decree.

From the record before us the contention on change of custody was solely between Franklin Hollestelle and his wife at the time, Jean Hollestelle, as against Shirley Hollestelle, the children's mother. None of the grandparents nor anyone else is involved in the controversy.

As may be seen from the answers to the above quoted issues and the instructions in connection with Special Issue No. I, the jury found Shirley Hollestelle was an improper custodian and that the best interests of the children *demanded a change in custody.* (Emphasis added).

Then Special Issue No. II found it was to the best interests of the children that Shirley Hollestelle should be given the custody. The only change in custody possible from the record would have been to their father.

"It is essential that the party seeking to set aside a verdict on the ground of conflict must be able to point out that one of the conflicting answers of the jury, in connection with the rest of the verdict except the issue with which it conflicts, necessarily requires the entry of a judgment different from that which the court has entered." Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985, 991. This fact was pointed out by appellants in their motion for new trial. See also Pearson v. Doherty, 143 Tex. 64, 183 S.W.2d 453; and

1. Another child was born to appellee five months after the divorce was granted.

Barnes Bros. v. International & G. N. R. Co., Tex.Com.App., 1 S.W.2d 273.

 We cannot say there is no conflict in the two issues unless we ignore the instructions in connection with Special Issue No. I, which we have no right to do. Little Rock Furniture Mfg. Co. v. Dunn, supra.

Article 4639a, Vernon's Annotated Texas Civil Statutes, as amended, Acts 1961, 57th Legislature, eliminated the rule which provided the jury answers in child custody cases were merely advisory. Therefore, the trial court had no authority to disregard the jury answers and there is just no escape from the fact that the first two issues are in irreconcilable conflict.

Accordingly, the judgment of the trial court is reversed and remanded for another trial, except as to Linda Jeanette Hollestelle. Appellant having denied fatherhood of that child and tendered custody to its mother, that part of the judgment is affirmed.