**Shirley Sternberg LEBOWITZ, Appellant,**

**v.**

**Allen Bernard LEBOWITZ, Appellee.**

**No. 199.**

Court of Civil Appeals of Texas.

Corpus Christi.

May 26, 1966.

North, Blackmon & White, by John C. North, Jr., Corpus Christi, for appellant.

Sorrell, Anderson, Porter & Stone, by Charles R. Porter, Jr., Corpus Christi, for appellee.

## OPINION

GREEN, Chief Justice.

This appeal from a jury trial concerns the inclusion in the trial court's judgment on one sentence reading as follows:

"It is further ordered, adjudged and decreed by the Court that the residence of Dana Jean and Dwight Marshall Lebowitz shall not be changed from Nueces

County, Texas, and that such children shall not be permanently removed from such county and state, subject to further order of this Court;"

Appellant Shirley S. Lebowitz, the wife, filed suit against Allen B. Lebowitz, the husband, for divorce, custody of Dana Jean Lebowitz, three years old, and Dwight Marshall Lebowitz, five years, born of the marriage, for child support, attorney's fees, and a declaration of property rights. Appellee filed a cross-action also seeking a divorce, custody of the children and for a division of the property. On the trial before the court and a jury, it was agreed that only the issues of custody and one other proposition not relevant to this appeal should be submitted to the jury, and that the issues of divorce, property, support, attorney's fees, and visitation rights should be determined by the judge. The jury found from a preponderance of the evidence that it would be to the best interests and welfare of each of the minor children to award custody to appellant, their mother.

The court rendered judgment granting divorce to appellee on his cross-action, dividing the community property, providing recovery by appellant of the sum of $3,-000.00 as attorney's fees, awarding custody of the two children to appellant, with an order that appellee pay $400.00 per month child support, providing for the visitation rights of appellee with the children, and included in the decree the sentence copied in the commencement of this opinion.

The appellant attacks the said provision of the judgment limiting the residence of the children to Nueces County, Texas, and prohibiting their permanent removal therefrom, by six points, contending (1) that such order contravenes the jury's verdict, as it is in violation of Article 4639a, Vernon's Ann.Tex.St.; (2) no special issue was requested by appellee as to it being to the best interest of the children to so restrict their residence, and so any right thereto of appellee had been waived; (3) no evidence and (4) insufficient evidence to support

such provision of the judgment; (5) such order amounted to an abuse of the court's discretion; and (6) that it deprived appellant of her liberty without due process.

■ Prior to 1961, it was the rule in Texas that in child custody cases the proceedings were considered to be in equity in which the trial judge sat as a chancellor, and that if a jury was allowed its findings were advisory only and not binding on the trial court. 3 Speers Marital Rights in Texas, § 844, pp. 211–212 and cases cited; 16 Southwestern Law Journal, 507 et seq.; Welch v. Welch, Tex.Civ.App., 369 S.W.2d 434. But in 1961 Art. 4639a, Section 1, V.A. T.S. was re-enacted and amended so that it now reads in part as follows:

"* * * Upon the trial of any such cause, and in the event a divorce is granted by the court, if there are such minor children, it shall be the duty of such trial court to inquire into the surroundings and circumstances of each such child or children, and such court shall have full power and authority to inquire into and ascertain the financial circumstances of the parents of such child or children, and of their ability to contribute to the support of same, and such court shall make such orders regarding the custody and support of each such child or children, as is for the best interest of same; *provided, however, that the judgment of the court in a jury trial of a divorce cause may not contravene the jury's determination of child custody. In any hearing held in this State concerning the custody of a child, whether pursuant to a divorce cause or not, any party to the hearing may, upon assumption of jury costs, demand a jury to determine custody of the child, and the judgment of the court must conform to that determination. * * *"*

We have copied a portion of the article as it read before it was amended, to attempt to place it in proper context; the language emphasized, starting with "provided, however," is the part added to the article by the amendment of 1961. Nothing was deleted

from the article when the amendment was enacted.

■ This amendment was obviously intended to make jury verdicts relative to custody of minor children binding on the court, and not merely advisory. Quarles v. Quarles, Tex.Civ.App., 386 S.W.2d 337, writ dis. Tex.Sup.Ct., 388 S.W.2d 926; Fatheree v. Eddleman, Tex.Civ.App., 363 S.W.2d 784; Welch v. Welch, Tex.Civ.App., 369 S.W.2d 434; Burson v. Montgomery, Tex.Civ.App., 386 S.W.2d 817; Hollestelle v. Hollestelle, Tex.Civ.App., 371 S.W.2d 121, writ ref. n. r. e. The trial court, as a result of the jury's verdict, awarded to appellant custody of the children. However, appellant by her first and second points contends that the modification of such custody by the provision that the residence of such children shall not be changed from Nueces County, contravened and did not conform to the jury findings, in violation of Art. 4639a, Section 1, as amended, and that there was no jury finding, and no request for such finding, that such modification was for the best interest and welfare of the children.

■ We overrule these two points. It is well established in Texas that a trial court has the *power* in a divorce case where child custody is concerned to restrict the residence of a child to a named county. Ex Parte Rhodes, 163 Tex. 31, 352 S.W.2d 249. We have heretofore copied that portion of Art. 4639a, Section 1, unrepealed and expressly re-enacted by the Legislature when the amendment was added in 1961, which provides that the trial court "shall make such orders regarding the custody and support of each such child or children, as is for the best interest of same." The new portion of the Article then follows with the proviso that the judgment must not contravene but must conform to the jury's determination of child custody. Children have always been considered the special wards of the courts, which have large equity powers and obligations to act for their best interests and welfare, and such equity jurisdiction remains modified only by the

terms of the amendment. Burson v. Montgomery, supra. The portion of the judgment requiring the children's residence to be maintained in Nueces County did not contravene the jury's determination of child custody. The custody of the children was awarded to appellant in the judgment, which conformed to the jury findings. The 1961 amendment of Art. 4639a, Section 1, did not deprive the court, in a jury case, of the power to enter the order of which appellant here complains. Such order could, in a jury trial under appropriate facts, be entered without an additional jury finding that the best interests of the children required that their residence remain in Nueces County, and that they not be taken permanently from such county, under the authority granted the trial court by Art. 4639a, Section 1, as re-enacted and re-affirmed by the Legislature in 1961.

So far we have passed upon the contention that the order of the court here complained of violated the 1961 amendment to Art. 4639a, Section 1, and that the trial court was therefore without power to enter such order, and we have overruled such contention. We next proceed to the points raised by appellant to the effect that the trial court acted in abuse of its discretion in restricting the residence of the children to Nueces County, Texas, and prohibiting their permanent removal from such county, and that there was no evidence, and insufficient evidence, to support such order, and that such order deprives appellant of her liberty without due process.

The admitted facts show that immediately prior to the separation of these two parties, appellant had been engaged for several weeks in an illicit amorous affair with a married man. Appellant and the other party were teachers in the Corpus Christi public schools, and appellant, at the request of the school board, resigned her position, and at the time of the trial in June, 1965, was not employed. By preliminary order, the temporary custody of the children pending trial and judgment had been placed in

appellee. The testimony shows without any serious contradiction that appellant must depend on her ability and training as a teacher for her means of support, except for such help as she might obtain from relatives and the child support to be paid by appellee. The record reflects that in the Fall of 1965, after the trial, she entered the University of Houston (though maintaining her residence in Nueces County) to do work leading to a master's degree, having already completed some graduate studies, and that she expected to secure such degree in June, 1966. The evidence strongly suggests that it was most unlikely that she could secure a worthwhile teaching position in Nueces County, and that she would have to look elsewhere for such employment. She owned no home in Nueces County, and if she had to live there in order to retain custody of the children, it would be necessary for her to rent. The payments which the court ordered appellee to make for the maintenance of the children appear from the record to be sufficient to provide only for their support, including medical expenses. While she testified that if she got custody of the children, she would not expect to work the first year so that she could give more attention to the needs of the children, it is apparent that she needed to be in position to secure employment for which she has qualified herself if she is to retain custody.

Appellee has not raised any point on this appeal against the propriety of the jury verdict or of the judgment awarding custody of the children to their mother. In fact there was no finding by the court and no contention made by appellant or appellee on this appeal that either parent is unfit to have custody.

 Prior to the trial of the cause, the court requested the Welfare Division of the Corpus Christi-Nueces County Department of Public Health and Welfare to make a complete investigation of the facts of this case, and to make a report with recommendations as to custody of the children

in the event of divorce. An experienced social welfare case worker made such investigation, and in her written report to the court as well as in her testimony on the trial, gave as her opinion that the mother should have the custody of the children with liberal visitation rights in the father, and with supervision by the welfare department. Appellee relies strongly on the grant of visitation rights to appellee, and the testimony of the need for official supervision of appellant's custody, and the testimony by appellant that if she got custody, she would remain with the children without working outside the home, as a substantial basis and justification of the court's order that the best interests of the children required that their residence be restricted to Nueces County. We do not agree. We take judicial knowledge of the fact that the Child Welfare Division of the State Department of Public Welfare, is a state wide organization, with agencies over the State, well qualified to particpate in any official supervisory capacity concerning children when directed by a court of competent jurisdiction. The courts of Texas will on proper application enforce the father's rights of visitation with his children as they are provided for in the court's decree. As heretofore stated, it reasonably appears that appellant must secure employment in her chosen field in order to adequately provide for the best interests and welfare of the children.

In considering whether the trial court abused its discretion and entered an improper order in this cause, we must bear in mind that this is a direct appeal from the judgment, and that appellant vigorously objected to the inclusion in the judgment of the offensive (to her) paragraph made the subject of this appeal. In Ex Parte Rhodes, 163 Tex. 31, 352 S.W.2d 249, the judgment of the trial court which contained a similiar provision restricting the residence of the child to the county of the trial was permitted to become final without any appeal therefrom. The mother who married and moved to the home county of her husband

was subsequently held to be in contempt of court, and ordered confined in jail until she had purged herself of such contempt, for violating such provision. The mother sought relief from such order by filing a petition for a writ of habeas corpus in the Texas Supreme Court. That court · held that since the judgment had become final without an appeal, it was not enough, in order for the court to be able to grant the relief prayed for, that the judgment be erroneous; it would have to be void. The court further held that since the court had the *power* to enter the restrictive provision, the judgment was not void, and the relief prayed for was denied. However, in speaking of the restrictive residence provision of the decree, the Supreme Court stated:

"While we have held that the restrictive residence provision of the custody decree was not void, it is one of an extreme nature. It may drastically affect the freedom of decision of the custodian of the child as to what is best for the child. And, as pointed out by counsel for Betty Rhodes, if request for removal to another county is denied, it may materially restrict the right of a citizen (who would not move without her child) to change the place of his or her residence. If permission to move were denied, she would be in a better position to assert that she was deprived of her liberty without due process. We express no opinion on that matter. In any event, the appellate court will look with care to see whether there has been an abuse of discretion on the part of a court which denies permission to remove the residence of the child to that of a new residence of the person having been adjudged the proper person to be the custodian of the child. By citing White v. Lobstein [Tex.Civ.App.,] 246 S.W.2d 953, we are not to be understood as approving the decision that there was no abuse of discretion in refusing to grant consent for the removal of the child to the residence of the custodian. That case did not reach this court."

■ In this appeal from the judgment of the trial court, we may consider whether the order of the court objected to by appellant was erroneous under the evidence, and whether or not the court, in our opinion, abused his discretion by entering it. Since appellant did object strenuously, as shown by the record, to including the restrictive residence provision in the judgment, arguing to the trial court that such provision would drastically affect the freedom of her decision as to what was best for the welfare of the children, we feel that her rights are the same as though she had been denied her request for removal to some other county than Nueces. In fact, in our opinion such is the effect of the court's decree.

■ We hold that under the entire record before us the trial court did abuse its discretion in entering the restrictive residence of the children order copied in the first sentence of this opinion in so far as such order confined the residence of the children to Nueces County.

■ The evidence did justify the court's action in so far as it restricted the residence of the children to the State of Texas, and ordered that the children not be permanently removed from the State, or from the jurisdiction of Texas courts. The testimony of appellant included statements justifying a finding that she intended to change her residence and that of the children from Texas to some other state where relatives lived who would help her, or where she might more readily secure employment. The finding of the trial court that it would not be to the best interests of the children that their residence be changed from Nueces County, Texas, necessarily included a like finding as to the State. Texas courts should be in a position to enforce the visitation rights of the father, as granted in the court's decree, and which the court found were for the best interests and welfare of the children. Based on the facts of this case as they appear from the record, we have the jurisdiction to reform and modify

the trial court's order so that it would read that the residence of the children shall not be changed from the State of Texas, and that the children shall not be removed from the State of Texas, subject to further orders of the Texas Courts having jurisdiction and venue. Anderson v. Martin, Tex.Civ.App., 257 S.W.2d 347, writ ref. n. r. e. The judgment is so reformed and modified.

The appellant's brief contains a motion for additional attorney's fees for the prosecution of this appeal, and asks that the cause be remanded to the trial court solely for the purpose of determining a reasonable amount of money that should be awarded as such. The trial court awarded appellant and her lawyers the sum of $3,000.00 as attorney's fees in this cause, to be paid by appellee. Appellant's motion is overruled. All costs of this appeal are assessed against appellee.

Judgment reformed as herein directed, and as reformed is affirmed.