# Supreme Court of Texas

No. 23-0339

In re the Commitment of John Thomas Anderson,

*Petitioner*

On Petition for Review from the
Court of Appeals for the Fifth District of Texas

JUSTICE BUSBY, joined by Justice Lehrmann, concurring in the denial of the petition for review.

This case concerns the procedural remedies available when an indigent inmate indefinitely committed as a sexually violent predator receives ineffective assistance from his appointed counsel, resulting in the erroneous dismissal of his initial appeal challenging the commitment order. The State commendably "recognizes that [the inmate] had a right to appeal and his appeal should have been pursued. It does not seem just that he lost that right through ineffective assistance of counsel. If this were a criminal case, [the inmate] could be granted an out-of-time appeal through Chapter 11 of the Code of Criminal Procedure." But "this is a civil case," says the State, so the court of appeals correctly held that the inmate loses.

This is exactly the sort of seemingly irrational distinction that leads some people to mock our system of justice. I write to make very

clear that the court of appeals was wrong. Procedures are available to remedy this kind of injustice in civil cases just as in criminal cases, so it need never occur again. Because the inmate's challenge fails for other reasons, however, I concur in the denial of review.

Petitioner John Thomas Anderson was convicted of two counts of sexual assault. When he neared the end of his sentence, the State filed a petition to have Anderson committed under the Civil Commitment of Sexually Violent Predators Act. TEX. HEALTH & SAFETY CODE §§ 841.062, 841.081.[1] Anderson was found indigent, and an attorney from the Office of State Counsel for Offenders represented him in the commitment trial. A jury found that Anderson was a sexually violent predator, and the trial judge signed an order committing him on June 10, 2016.

Anderson's trial attorney filed a motion for new trial on July 5, but the district clerk did not file-stamp the motion until July 13. Anderson's trial attorney also filed a notice of appeal on August 30, but again the district clerk's file-stamp was delayed until September 14.

The court of appeals issued a letter questioning whether the notice of appeal was timely. The court noted that the July 13 stamp on the motion for new trial was more than 30 days after the judgment was signed, which would make the motion untimely. *See* TEX. R. CIV. P. 329b(a). And an untimely motion would fail to extend the time for

---

[1] The Act sets out a civil commitment procedure for certain convicted sexual offenders nearing the end of their criminal sentences. If committed, sexually violent predators receive long-term supervision and treatment while the public is protected against the risk of re-offense.

filing the notice of appeal, making that notice untimely as well. *See* TEX. R. APP. P. 26.1(a)(1).

By the time the court of appeals sent its letter, a different attorney had been assigned to represent Anderson on appeal. Anderson's new attorney incorrectly conceded that the notice of appeal was untimely and agreed that the appeal should be dismissed for lack of jurisdiction. The court of appeals thus dismissed Anderson's appeal as untimely, relying exclusively on the concession of his attorney. *See In re Commitment of Anderson*, No. 05-16-01189-CV, 2016 WL 7448346, at *1 (Tex. App.—Dallas Oct. 27, 2016, no pet.).

Five years later, Anderson filed an application for writ of habeas corpus—the matter presently before us—in the same criminal district court where he had been committed. Anderson requested the ability to file an out-of-time appeal on the ground that he was denied effective assistance of counsel when his trial counsel failed to file the motion for new trial on time, which caused the notice of appeal to be untimely. Anderson did not contend that his appellate counsel had provided ineffective assistance, and he characterized his appellate attorney's concession of untimeliness as necessary.

The trial court granted Anderson relief and ordered that he be afforded the right to appeal his commitment. Anderson exercised that right and filed another notice of appeal of the judgment committing him. But the court of appeals again prevented Anderson's appeal from being heard, holding that the trial court's grant of habeas relief was an improper allowance of an out-of-time appeal, which in civil cases can only be granted by an appellate court under limited circumstances not

3

present here. 2023 WL 2607560, at \*2 (Tex. App.—Dallas Mar. 23, 2023). Anderson, still seeking his first chance to appeal a judgment indefinitely committing him, filed a petition for review in this Court.

The Court denies Anderson's petition today. I agree that Anderson's petition should be denied, but not for the reason given by the court of appeals. Instead, Anderson's habeas application fails because he chose to challenge only the assistance provided by his trial counsel, not his appellate counsel. As the State now admits, Anderson's trial counsel timely filed the motion for new trial and therefore timely filed the notice of appeal. Because Anderson's trial counsel provided effective assistance in perfecting the appeal, I agree that we cannot award Anderson relief on that basis, so his petition should be denied. *See Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 782 (Tex. 2020) ("Our adversary system of justice generally depends 'on the parties to frame the issues for decision and assign[s] to courts the role of neutral arbiter of matters the parties present.'" (quoting *Greenlaw v. United States*, 554 U.S. 237, 243 (2008))). And even if Anderson's focus on the wrong counsel could be overlooked, his delay of five years in seeking relief provides the State with a substantial defense as I explain later.

But Anderson's appellate counsel likely provided ineffective assistance by wrongly agreeing to the dismissal of his timely appeal. And it would be a mistake for others in Anderson's position who read the court of appeals' opinion to believe that they have no remedy. To the contrary, when the ineffective assistance of appointed trial or appellate counsel deprives an involuntarily committed person of his right to

4

challenge that civil commitment on appeal, there are procedural avenues available to restore the lost appellate right.

Habeas corpus is a right ancient and revered. The writ of habeas corpus helped to fulfill Magna Carta's promise that no man would be imprisoned contrary to the law of the land. *See Boumediene v. Bush*, 553 U.S. 723, 740 (2008). The Framers of our federal Constitution thus "understood the writ of habeas corpus as a vital instrument to secure" freedom from unlawful restraint by the government. *Id.* at 739. Habeas corpus is also enshrined in the Texas Constitution's Bill of Rights. TEX. CONST. art. I, § 12.

An application for writ of habeas corpus allows a person who has been confined by the State to argue that his confinement is contrary to the law of the land. *See Habeas Corpus*, BLACK'S LAW DICTIONARY (11th ed. 2011). Because civil commitment is a type of state confinement, we have held that a commitment "may be collaterally attacked in a habeas corpus proceeding." *Ex parte Swate*, 922 S.W.2d 122, 124 (Tex. 1996) (citing *Ex parte Barnett*, 600 S.W.2d 252, 254 (Tex. 1980)). But, consistent with the history of habeas corpus jurisprudence in Texas, habeas cannot provide relief from a merely erroneous order; it is available only when the commitment order is void. *Id.* (citing *Ex parte Rhodes*, 352 S.W.2d 249, 250 (Tex. 1961)).[2] A commitment order is void if it contains a "jurisdictional defect or constitutional or fundamental violation." *Ex parte McCain*, 67 S.W.3d 204, 210 (Tex. Crim. App.

---

[2] *See also Ex parte Degener*, 17 S.W. 1111, 1114-15 (Tex. Ct. App. 1891); *Ex parte Boland*, 11 Tex. App. 159, 166-67 (1881).

2002).[3]  Ineffective assistance of counsel presents just such a violation. *Ex parte Chandler*, 182 S.W.3d 350, 353-54 (Tex. Crim. App. 2005) (outlining requirements for obtaining habeas relief due to ineffective assistance of counsel (citing *Strickland v. Washington*, 466 U.S. 668 (1984))); *see also Ex parte Ross*, 522 S.W.2d 214, 223 (Tex. Crim. App. 1975).

Accordingly, a committed person is entitled to habeas relief reinstating his original appeal if he alleges and proves that his counsel provided ineffective assistance that resulted in the improper dismissal of that appeal.  The Court of Criminal Appeals held just that in a similar case.  *Rodriguez v. Ct. of Appeals, Eighth Supreme Jud. Dist.*, 769 S.W.2d 554 (Tex. Crim. App. 1989).  There, a criminal defendant sought habeas relief when a mistake by the clerk of court cut off his ability to appeal his conviction.  *Id.* at 555-56.  The defendant argued that his counsel was ineffective for failing to recognize the error.  The trial court granted habeas relief reinstating the appeal, and the Court of Criminal Appeals affirmed, holding that the trial court had authority under the Texas Constitution to grant habeas relief.  *Id.* at 558-59.  The same process would apply to a committed person who proved his counsel was ineffective.

The court of appeals in this case, for its part, held that although out-of-time appeals are an allowed habeas remedy in criminal cases,

---

[3] *See also Ex parte Swate*, 922 S.W.2d at 124 ("A writ of habeas corpus will issue if the commitment order is void because it deprives the relator of liberty without due process of law." (citing *Ex parte Barnett*, 600 S.W.2d at 254; *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979); *Ex parte Rhodes*, 352 S.W.2d at 250)).

they are unavailable in civil cases. 2023 WL 2607560, at *2. In support of this proposition, the court pointed to Texas Rule of Appellate Procedure 26, reasoning that "[t]he only authority allowing a notice of appeal to be filed beyond the timeframe provided by appellate rule 26.1 is appellate rule 26.3, and the only court that may allow an appeal to proceed under rule 26.3 is an appellate court." *Id.* This conclusion was erroneous.

As an initial matter, Rule 26 does not apply in the procedural posture of this case. Anderson did not need to file a new notice of appeal; he could seek the reinstatement of his original appeal that was timely filed and erroneously dismissed. But more importantly, the Texas Rules of Appellate Procedure do not—and cannot—serve as limits on the constitutionally protected right of habeas corpus. Although the Legislature may "enact laws to render the remedy speedy and effectual," no governmental body has the power to suspend the right of habeas corpus. TEX. CONST. art. I, § 12.

Finally, the court of appeals' reliance on a distinction between civil and criminal cases when it comes to the right of habeas corpus was misplaced. "[M]ost jurisdictions have traditionally regarded habeas corpus as a civil remedy, even when the relief sought is from confinement in the criminal justice system," and in any case the habeas remedy is essentially "unique"; it is neither strictly civil nor strictly criminal.[4] *Ex parte Rieck*, 144 S.W.3d 510, 515-16 (Tex. Crim. App. 2004) (citing *Harris v. Nelson*, 394 U.S. 286, 293-94 (1969); *Harbison v.*

---

[4] Indeed, Anderson filed the habeas application at issue here in a criminal district court.

7

*McMurray*, 158 S.W.2d 284, 287 (Tex. 1942)). Although laws apply to habeas proceedings arising from criminal convictions that do not apply to habeas proceedings arising from civil commitments, both remedies emanate from the Constitution. In *Rodriguez*, the Court of Criminal Appeals held that even when a defendant lacked a habeas remedy under then-applicable statutes regulating habeas in criminal convictions, he retained habeas rights under the Constitution. 769 S.W.2d at 558-59. The court then determined that it would grant habeas relief if the defendant met "the requirements for obtaining issuance of a writ of mandamus . . . (1) the relator has no other adequate remedy at law; and (2) the act to be compelled is ministerial." *Id.* at 559. The same standard would apply in a habeas case like this one. *See Ex parte Swate*, 922 S.W.2d at 124 ("A commitment order may be collaterally attacked in a habeas corpus proceeding.").

Relatedly, a committed person could seek mandamus relief on the theory that the court of appeals improperly cut off his right to appeal the judgment committing him. As this Court recently recognized, "[a]n appeal cannot be adequate when the court prevents a party from taking it." *In re Whataburger Rests. LLC*, 645 S.W.3d 188, 193 (Tex. 2022). In *Whataburger*, we granted the relator an out-of-time appeal when a trial court clerk's error deprived it of an opportunity to appeal. *Id.* Accordingly, Anderson could have sought mandamus relief in this Court to reinstate the original appeal of his commitment. In one sense, this case is more straightforward than *Whataburger* because Anderson's appeal was never *actually* untimely. So rather than seeking an

8

out-of-time appeal, Anderson would merely be seeking the reinstatement of his timely filed appeal.

Although these procedural options are available to committed people, it is not certain that Anderson would have obtained relief had he sought habeas based on ineffective assistance of appellate counsel or mandamus against the court of appeals' dismissal of his timely original appeal. Of course, a committed person would have to prove in either instance that ineffective assistance of counsel actually deprived him of his appeal, though that seems likely in this case.

More importantly, in either a habeas or a mandamus proceeding, Anderson would have to address the five-year delay between the dismissal of his original appeal and his application for relief. In granting mandamus relief in *Whataburger*, we found it important that the relator "did not sleep on its rights." *Id*. at 194. Additionally, the State can raise the equitable doctrine of laches when a defendant unreasonably delays in seeking habeas relief and the delay causes prejudice to the State. *See Ex parte Perez*, 398 S.W.3d 206, 217 (Tex. Crim. App. 2013). In either case, the State would have to show prejudice, which may be harder where the only relief sought is a first-time appeal rather than a new trial. *Id*.

With these observations, I concur in the denial of the petition for review.

J. Brett Busby
Justice

**OPINION FILED:** June 28, 2024

9